[No. 36318-2-I.   Division One.   April 22, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. RODNEY
H. ARNOLD, *Appellant*.

*Mark D. Mestel* and *Mark D. Mestel, Inc., P.S.*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

KENNEDY, A.C.J. — Rodney Arnold appeals his conviction of two counts of fourth degree assault, entered after the court denied his motion to withdraw his guilty plea. Arnold contends that the factual basis for accepting the plea was improperly based on information outside of the record, and that the denial of his motion to withdraw the plea was error in light of one of the victims' recantation of her accusation. We affirm.

In August 1993, Wendy Henry overheard her niece M and M's cousin A, both aged 11, talking about a "secret" they had involving A's father and M's uncle, Rodney Arnold. The aunt reported her ensuing conversation with the girls to the police, and on December 29, 1993, Arnold was charged with two counts of rape of a child in violation of RCW 9A.44.083, to which he pleaded not guilty. Eventually, the charge was reduced to two counts of fourth degree assault in violation of RCW 9A.36.041(1), to which Arnold pleaded guilty. Prior to sentencing, Arnold moved under CrR 4.2(d) to withdraw his guilty plea on the ground that there was no factual basis in the record upon which the court properly could have accepted his plea. On January 30, 1995, the court heard and denied Arnold's motion to withdraw his plea. As the court proceeded to sentencing at that hearing, Arnold for the first time introduced the affidavit of M, in which she stated that her earlier statement to police implicating Arnold had been untrue. The court continued the sentencing hearing for two weeks to allow the prosecutor to investigate the recantation.

Before the new date of the sentencing hearing, Arnold again moved to withdraw his guilty plea, this time arguing that withdrawal of the guilty plea was necessary to avoid a manifest injustice in light of M's recantation. On February 17, 1995, the court heard the testimony of M. The court adhered to its earlier ruling, and denied Arnold's second motion to withdraw his plea. Arnold was sentenced to 365 days, of which 320 days were suspended, on each count.

This timely appeal followed.

I

In the portion of the plea statement reserved for the defendant's statement, Arnold admitted having had bodily contact with both M and A without their consent, but did not explicitly state that he "intended" to do so. Arnold contends that the factual basis for accepting his guilty plea was insufficient because his mental state was not established in the record at the time of the plea hearing.

■ CrR 4.2(d) requires the judge to be satisfied that a factual basis exists for the plea being given. In order to determine that a factual basis exists for a plea, the judge need not be convinced beyond a reasonable doubt that the defendant is guilty. *State v. Saas*, 118 Wn.2d 37, 43, 820 P.2d 505 (1991) (citing *State v. Newton*, 87 Wn.2d 363, 370, 552 P.2d 682 (1976)). Instead, a factual basis exists if the evidence is sufficient for a jury to conclude that the defendant is guilty. *Newton*, 87 Wn.2d at 370. The court may consider any reliable source of information to determine whether sufficient evidence exists to support the plea, as long as it is made part of the record at the time of the plea. *State v. Osborne*, 102 Wn.2d 87, 95, 684 P.2d 683 (1984) (citing *In re Keene*, 95 Wn.2d 203, 210 n.2, 622 P.2d 360 (1980)).

■ Arnold claims, and the State concedes, that the certificate of probable cause was not "in the record at the time of the plea" within the meaning of *Osborne*, and that

it could not, therefore, provide the necessary factual basis for the plea. It is well established that the prosecutor's factual statement contained in the certificate of probable cause may provide the factual basis for a plea of guilty, as long as the statement was before the court at the time of the plea, and was made a part of the record at that time. *Osborne*, 102 Wn.2d at 96; *Saas*, 118 Wn.2d at 43.

We do not accept the State's concession that the certificate of probable cause was not part of the record at the time of the plea hearing, because the record reveals that the certificate of probable cause was filed of record at the time of the plea hearing, that it was in fact considered by the trial judge at the time of the plea hearing, and that it was made a part of the record of the plea hearing as soon as the judge was made aware that his reliance on the certificate had not earlier been articulated in the record.[1] The underlying purpose of CrR 4.2(d) is to ensure that guilt could be found from the facts admitted by the defendant, and to ensure the voluntary nature of the plea and the defendant's understanding of the elements of the charge.[2] The evil meant to be avoided by the rule is the taking of new evidence after the plea is entered in order to justify a plea that the trial judge should never have accepted in the first place because it lacked a factual basis. Here, no new evidence was taken after Arnold's plea hearing. Instead, the judge confirmed that the certificate of probable cause had been before him and had been considered before he accepted Arnold's plea. Thus, this case is distinguishable on its facts from *Osborne*, and the underlying purpose of the *Osborne* ruling would not be served by reversing the court's settlement of the record of the plea hearing.

Trial judges have inherent authority to settle the record when questions arise as to what was in the record

---

[1] *See State v. Knighten*, 109 Wn.2d 896, 902, 748 P.2d 1118 (1988) (the appellate court is not bound by party's erroneous concession).

[2] Arnold neither challenges the voluntary nature of his plea nor claims that he lacked an understanding of the elements of the charge.

before them at the time of a hearing. *Cf.* RAP 9.5(c) (objections or proposed amendments to report of proceedings must be heard before trial court judge before whom the proceedings were held for settlement and approval). Here, the judge settled the issue of whether the probable cause certificate had been in the record at the time of the plea when the issue was first raised, at the hearing on the motion to withdraw the plea.

We appreciate Arnold's counsel's concern, expressed at oral argument for this appeal, that defense counsel hardly can be expected to cross-examine the judge as to what was in the record and what was in fact considered at the time of a plea hearing. This is true, and in some situations, the failure to specifically identify the factual record during the plea hearing could allow the defendant to withdraw the plea on that basis alone. But here, the certificate of probable cause clearly *was* in the record at the time of the plea, a fact that is easily verified by comparing the filing date of the certificate with the date of the plea hearing. The judge stated positively that he always reads and considers those certificates, and that he did so this time. The judge pointed to specific material within the certificate of probable cause upon which he had relied. Cross-examination could not be expected to cast any doubt on what was in the record, and what the judge read and considered, in this particular case. Although the appellant argues that *Osborne* sets forth a bright line rule, we find nothing in *Osborne* that prohibits settling the record within a reasonable time after the plea hearing, as was done here, where no new evidence that was not actually in the record and considered by the judge at the time of the plea is at issue. To rule otherwise would be to place form over substance.

██ Because inadequately drafted statements of defendants on pleas of guilty seem to be a recurring problem,[3] we recommend that they be scrutinized carefully by the

---

[3]*See, e.g., State v. Zumwalt*, 79 Wn. App. 124, 901 P.2d 319 (1995); *In re Ness*, 70 Wn. App. 817, 855 P.2d 1191 (1993), *review denied*, 123 Wn.2d 1009 (1994).

judge and the prosecutor, as well as by defense counsel, at the time of the plea hearing. Where the written statement is inadequate, as it arguably was here, we recommend that the judge or prosecutor question the defendant on the record, or specifically refer to the certificate of probable cause, or utilize some other means of settling the record than was utilized here. However, on the peculiar facts of this case, we do not find reversible error. The probable cause certificate in this case very clearly demonstrates a factual basis for finding the requisite mental state, through descriptions of repeated sexual acts which any rational juror could conclude required intentional, unlawful touching. Moreover, Arnold's written statement, although arguably inadequate on its face to establish intentional touching, did not contain an allegation that the touching was inadvertent, or otherwise lawful, and Arnold does not contend that he did not understand the elements of the amended charge, or that his plea was otherwise involuntary.

## II

Arnold contends that he should have been permitted to withdraw his guilty plea as to Count II, the count involving M, in light of her recantation testimony which Arnold claims indicates his innocence. A trial court must allow a defendant to withdraw his guilty plea if withdrawal is necessary to correct "manifest injustice," i.e., injustice that is direct, obvious, and observable. CrR 4.2(f); *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974). Because of the many safeguards surrounding a plea of guilty, the manifest injustice standard is a demanding one. *State v. Calvert*, 79 Wn. App. 569, 575, 903 P.2d 1003 (1995).

The Supreme Court has recognized four indicia of "manifest injustice": (1) denial of effective counsel, (2) plea not ratified by defendant, (3) involuntary plea, or (4) plea agreement not kept by prosecution. *Taylor*, 83 Wn.2d at 597. None of these is claimed by Arnold. Arnold merely

states that the recantation "satisfies the manifest injustice standard"; he does not explain how his plea, which he admitted was voluntary and only claimed was flawed by reason of an inadequately written statement of guilt in his own words, is somehow made unacceptable by virtue of the fact that one of the two victims later recanted. The case Arnold cites in support, *State v. Landon*, 69 Wn. App. 83, 848 P.2d 724 (1993), is inapposite. *Landon* involved a defendant who pleaded not guilty and who was convicted solely on the basis of the recanting witness's earlier testimony. *Landon*, 69 Wn. App. at 90. In this case, Arnold pleaded guilty, and the court's acceptance of his plea was based not solely on a victim's testimony but also in part upon Arnold's own written statement. In addition, in this case there were two victims who accused him, only one of whom later recanted.

Although we have found no Washington case analyzing the withdrawal of a guilty plea in the context of the newly discovered testimony of a recanting victim, Division Three of this court recently analyzed the withdrawal of an *Alford*[4] plea in the context of a recanting victim. In *State v. D.T.M.*, 78 Wn. App. 216, 218, 896 P.2d 108 (1995), the defendant's daughter recanted her earlier statement that the defendant had molested her, and the defendant moved, prior to sentencing, to withdraw his *Alford* plea. The *D.T.M.* court remanded, holding that because the recanting witness's statement had been the sole factual basis for a finding of guilt, and in light of the defendant's persistent assertions of innocence, it was error for the trial court not to have held a hearing to evaluate the recanting witness's testimony. *Id.* at 220-21. Two important facts distinguish *D.T.M.* from the instant case: Arnold pleaded guilty instead of entering an *Alford* plea; and in this case there was evidence other than the statement of the recanting witness which provided independent evidence of Arnold's guilt. None of the statements made by Arnold's son, M's aunt, and the other victim, A,

[4]*North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

have been recanted. In addition, Arnold's own statement on plea of guilty provides some additional corroboration. Thus, in contrast to the case of *D.T.M.*, Arnold's guilty plea still has unrecanted factual support. We decline to extend the ruling in *D.T.M.* to the facts of this case.

In addition to failing to demonstrate manifest injustice, Arnold failed to persuade the trial court that M's recantation testimony was reliable or credible. The Supreme Court of Washington recently held that trial judges have the authority to determine whether a child victim's recantation of trial testimony of sexual abuse is unreliable, in a new trial motion made on the basis of recantation testimony. *State v. Macon*, 128 Wn.2d 784, 911 P.2d 1004 (1996). Here, the trial judge was unable to determine whether or not the recantation testimony was reliable.

Affirmed.

BECKER and ELLINGTON, JJ., concur.

Review denied at 130 Wn.2d 1003 (1996).