[No. 22183-1-III.   Division Three.   August 4, 2005.]

*In the Matter of the Personal Restraint of* JEREMY L. MAYER, *Petitioner.*

---

*Janet G. Gemberling*, for petitioner.

*Steven J. Tucker, Prosecuting Attorney for Spokane County*, and *Kevin M. Korsmo, Deputy*, for respondent.

¶1 SCHULTHEIS, J. — Jeremy Leland Mayer seeks relief from personal restraint imposed for his 1993 Spokane County conviction upon *Alford*[1] plea of guilty to a single count of second degree murder under *both* the intentional and felony murder (predicated upon second degree assault) alternatives of the second degree murder statute, RCW 9A.32.050(1)(a) and (b).

¶2 The primary question is whether Mr. Mayer's conviction must be vacated in light of the Supreme Court's holding in *In re Personal Restraint of Andress*, 147 Wn.2d 602, 616, 56 P.3d 981 (2002), that assault may not serve as the predicate crime for second degree felony murder under former RCW 9A.32.050(1)(b) (1976). We deny Mr. Mayer's petition.

## FACTS

¶3 Mr. Mayer was originally charged under RCW 9A-.32.030(1)(a) and (c) with first degree premeditated murder and first degree felony murder committed in the course of robbery for the 1991 killing of Randolph McNeil. During plea negotiations, the information was amended to charge second degree murder, committed as follows:

> That the defendant, JEREMY LELAND MAYER, in Spokane County, Washington, on or about May 12, 1991, *with intent to cause the death of another person, and while committing and attempting to commit the crime of Second Degree Assault*, and in the course of and in furtherance of said crime and in immediate flight therefrom, did cause the death of Randolph McNeil, a human being, said death occurring on or about May 12, 1991.

State's Resp. (App. C—Am. Information) (emphasis added). The amended information used the incorrect statutory reference, RCW 9A.32.030(1)(a) and (b), whereas the correct cite for the second degree murder alternatives charged is RCW 9A.32.050(1)(a) and (b).

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

¶4 Mr. Mayer signed a statement on plea of guilty to the charge of second degree murder with the elements of the crime as stated in the information and a presumptive sentencing range of 144 to 192 months. A police detective's affidavit of probable cause filed with the trial court prior to entry of the plea revealed Mr. Mayer's role in killing the victim. Earlier on the day of the murder, Mr. Mayer commented to David McGhee that he would " 'take care of him (the victim) for you.' " State's Resp. (App. B—Aff. of Detective Rick Grabenstein 1). Mr. Mayer later told both Mr. McGhee and James Carver that he killed the victim with a rock. Mr. Mayer subsequently told a police detective that he knew the location of a body in Spokane. He said he witnessed the killing of this person he knew as "Randy," who was murdered because he complained too much and angered the killers. *Id.* (Aff. of Grabenstein 3). One witness to the murder observed an accomplice place the victim in a choke hold while Mr. Mayer hit him with his fists. When the victim collapsed and fell to the ground face up, Mr. Mayer struck him in the face three times with a 14-inch rock. Autopsy findings as to the cause of death coincided with the witness descriptions of how Mr. McNeil was killed.

¶5 Mr. Mayer entered an *Alford* plea to second degree murder. The court accepted the plea as knowing, voluntary, intelligent, and supported by factual basis. The court imposed a 180-month presumptive sentence. The judgment and sentence document contains the same statutory citation error as the amended information, i.e., a reference to RCW 9A.32.030(1)(a) and (b) instead of the correct citation, RCW 9A.32.050(1)(a) and (b).

¶6 Mr. Mayer filed this petition on June 20, 2003, after the Supreme Court issued its decision in *Andress*. We stayed the matter pending *In re Personal Restraint of Hinton*, 152 Wn.2d 853, 100 P.3d 801 (2004), in which the court ultimately held that the *Andress* decision applied retroactively to vacate the personal restraint petitioners' convictions for second degree felony murder predicated on

assault. *Id.* at 861. We then lifted the stay and appointed counsel to address the applicability of *Andress* to Mr. Mayer's petition.

## REVIEW STANDARD

¶7 To obtain relief in a personal restraint petition, Mr. Mayer must show, by a preponderance of the evidence, actual and substantial prejudice resulting from alleged constitutional errors, or for alleged nonconstitutional errors, a fundamental defect that inherently results in a miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990); *see also Hinton*, 152 Wn.2d at 858-59.

## DISCUSSION

¶8 a. <u>Citation Error.</u> As a threshold matter, Mr. Mayer contends his *Alford* plea was rendered involuntary by the statutory citation error in the amended information. He explains that he wrote in his plea statement that he was entering an *Alford* plea to second degree murder based upon the elements as stated in the information. Yet the amended information cites the first degree murder statute while alleging the elements of second degree murder. He concludes this ambiguity precludes a valid plea to second degree murder. We disagree.

¶9 We review this issue raised more than one year from when the judgment became final in 1993 because it calls into question the facial validity of the judgment document. *See* RCW 10.73.090(1). But, as explained below, the statutory citation error in the amended information (and in the judgment and sentence document) is an obvious scrivener error that does not render the plea invalid.

¶10 The original information charged first degree murder under RCW 9A.32.030(1) alternatives (a) (premeditated intent), and (c) (causes death in furtherance of robbery). The information was amended during plea negotia-

tions to charge second degree murder under alternatives (a) (intent) and (b) (while committing second degree assault). The language in the amended information correctly recites the (a) and (b) alternative elements of second degree murder. There is no "(c)" alternative under RCW 9A.32.050(1). And the "(b)" alternative under RCW 9A.32.030 is first degree murder by engaging in conduct manifesting extreme indifference to human life. Thus, it is apparent that the parties and the court simply failed to change ".030" to ".050" in the amended information and judgment paperwork, which otherwise clearly reflects that Mr. Mayer knew he was pleading guilty to second degree murder. This conclusion is further supported by the fact that Mr. Mayer's correct standard range for second degree murder (not first degree murder) was recited in the guilty plea statement. *See* former RCW 9.94A.310 (1990).

¶11 An *Alford* plea is inherently equivocal in the sense that the defendant pleads guilty without admitting guilt. *In re Pers. Restraint of Montoya*, 109 Wn.2d 270, 280, 744 P.2d 340 (1987); *State v. Hubbard*, 106 Wn. App. 149, 155-56, 22 P.3d 296 (2001). But this alone does not render an otherwise voluntary and intelligent guilty plea invalid. *Montoya*, 109 Wn.2d at 280 (citing *Alford*, 400 U.S. at 37). Mr. Mayer acknowledged in his plea statement that the crime charged was second degree murder. *See State v. Hopper*, 118 Wn.2d 151, 159-60, 822 P.2d 775 (1992) (citation error not grounds for reversal if it did not mislead defendant to defendant's prejudice); *see also State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998) (when defendant has read and signed a plea statement, it creates a strong presumption that the plea is voluntary). His claim that the citation error made his plea involuntary amounts to a conclusory allegation of prejudice insufficient to warrant relief in a personal restraint petition. *Cook*, 114 Wn.2d at 813-14.

¶12 The remedy on this claim is to remand to the trial court for correction of the clerical/scrivener error in the judgment and sentence. *See* CrR 7.8(a) (clerical mistakes in

judgments, orders, or other parts of the record may be corrected by the court at any time).[2]

¶13 b. Application of Andress. Mr. Mayer contends that the *Andress* decision entirely invalidates his conviction upon plea of guilty to second degree murder. He argues that his guilty plea cannot be considered voluntary and intelligent when he did not know that the second degree felony murder charge was legally invalid. He acknowledges that when the information alleges more than one means of committing a crime, the defendant's right to plead guilty is limited to the crime as charged and does not include the right to plead guilty to only one alternative means. *State v. Bowerman*, 115 Wn.2d 794, 799, 802 P.2d 116 (1990). But because he was required to plead guilty as charged, it cannot be inferred that he would have pleaded to one alternative had he known he could not be charged under the other alternative. He says he may have pleaded guilty believing the State could prove one alternative but not the other. Therefore, his *Alford* plea cannot be considered knowing and voluntary as relates to the intentional murder charge because it is impossible to discern under which means he believed the State could produce enough evidence to convict him.

¶14 The State contends that *Bowerman* controls because Mr. Mayer pleaded guilty as charged to *both* methods of committing the crime—a reasoned choice to protect him from a possible first degree murder conviction. His plea is supported by ample factual basis of intent to kill. Thus, the conviction for second degree intentional murder is sound and is not impacted by the *Andress* decision. The surplus language pertaining to felony murder can be

---

[2] Mr. Mayer additionally contends the amended information is defective because it alleges he intended to kill "another person" without specifying that Mr. McNeil was that intended victim. He explains that the detective's affidavit indicates there was also a plan to kill a second individual. Thus, the amended information failed to adequately allege intent to kill Mr. McNeil. This contention is untimely under RCW 10.73.090(1), not within any RCW 10.73.100 exception to the time bar, and is frivolous in any event. The detective's affidavit does refer to a plan by Mr. Mayer and his cohorts to also kill a second individual. But Mr. McNeil was the only one killed and the amended information names him as the victim.

stricken without altering the judgment of conviction for second degree murder. We agree with the State.

¶15 Intentional murder and felony murder are not two different crimes, but are alternate ways of committing the single crime of second degree murder. *See State v. Johnson*, 113 Wn. App. 482, 487, 54 P.3d 155 (2002). When there are two or more alternate ways to commit a crime it is permissible, as the State did in Mr. Mayer's case, to charge both alternatives in the same count. *State v. Scott*, 64 Wn.2d 992, 993, 395 P.2d 377 (1964). There is no constitutional right to plead guilty; the right stems from CrR 4.2. *State v. Martin*, 94 Wn.2d 1, 4, 614 P.2d 164 (1980). Under CrR 4.2, a defendant does not have the right to plead guilty to just one alternative means of committing the crime when more than one means is charged. *Bowerman*, 115 Wn.2d at 799. Instead, "[t]he statutory right to plead guilty is a right to plead guilty to the information *as charged*." *Id.*

¶16 Due process requires that a guilty plea be knowing, voluntary, and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). A guilty plea cannot be knowing and intelligent if the defendant has been misinformed about the elements of the offense. *See Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (plea invalid when defendant unaware his conduct failed to satisfy element of offense); *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 10 P.3d 380 (2000) (plea invalid when defendant did not know that charge to which he pleaded was enacted after his criminal conduct); *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 660 P.2d 263 (1983) (defendant must understand that his alleged criminal conduct satisfies the elements of the offense); *State v. Chervenell*, 99 Wn.2d 309, 318-19, 662 P.2d 836 (1983) (plea involuntary if defendant lacks understanding of law in relation to facts); *In re Pers. Restraint of Keene*, 95 Wn.2d 203, 209, 622 P.2d 360 (1980) (same).

¶17 The State has the burden of proving validity of the guilty plea under a totality of the circumstances test. *State v. Ross*, 129 Wn.2d 279, 287, 916 P.2d 405 (1996). But the

defendant bears the burden of proving that manifest injustice has occurred—one that is " 'obvious, directly observable, overt, [and] not obscure.' " *State v. Turley*, 149 Wn.2d 395, 398, 69 P.3d 338 (2003) (alteration in original) (quoting *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974)). An involuntary plea independently establishes a manifest injustice that warrants plea withdrawal. *Taylor*, 83 Wn.2d at 598; *see also State v. McDermond*, 112 Wn. App. 239, 243, 47 P.3d 600 (2002) (plea that was not valid when entered must be set aside regardless of manifest injustice).

¶18 In *Bowerman*, the amended information charged the defendant with the single crime of first degree murder, alleging two alternative ways of committing the crime: (1) aggravated, premeditated murder, and (2) felony murder. In rejecting the defendant's argument that she had a statutory right to plead guilty to just the felony murder portion of the charges, the court explained:

> The statutory right to plead guilty recognized in *Martin* cannot be stretched so far as to include a right to plead guilty to only one alternative means out of several that are charged. Where an information alleges more than one means of committing a single crime, the right to plead guilty is a right to plead guilty to the one crime charged.

*Bowerman*, 115 Wn.2d at 801.

¶19 Consistent with *Bowerman*, Mr. Mayer pleaded guilty to the single charge of second degree murder under the intent alternative *and* the second degree assault alternative. He was not charged with one alternative *or* the other, as he appears to argue. His cited case *Hubbard* does not help him, as it involved the charging of *two separate crimes in the alternative* (i.e., one crime or the other), not alternative ways of committing a single crime. *Hubbard*, 106 Wn. App. 149. Thus, by pleading guilty to one of those crimes the defendant in *Hubbard* pleaded guilty as charged. *Id.* at 156-57. Like the defendant in *Hubbard*, Mr. Mayer pleaded guilty as charged to a single crime.

¶20 Nevertheless, as discussed, without an accurate understanding of the relation of the facts to the law, a

defendant is unable to evaluate the strength of the State's case and thereby enter a knowing and intelligent guilty plea. *Chervenell*, 99 Wn.2d at 319; *State v. DeRosia*, 124 Wn. App. 138, 150, 100 P.3d 331 (2004). In view of *Andress*, Mr. Mayer's plea to the nonexistent crime of second degree felony murder predicated on assault was unknowing and involuntary and is a nullity. *See DeRosia*, 124 Wn. App. at 150. The judgment document cannot be considered facially valid to the extent it references second degree felony murder. *Hinton*, 152 Wn.2d at 858.

¶21 But Mr. Mayer must still show actual and substantial prejudice to gain relief in this petition. *Id.* at 858-59. The question then is whether the intervening case *Andress* has also rendered invalid his plea to second degree intentional murder.[3]

¶22 The basic standard for determining validity of an *Alford* plea is whether it " 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Montoya*, 109 Wn.2d at 280 (quoting *Alford*, 400 U.S. at 31). Under *Alford*, a defendant may plead guilty without admitting guilt, as long as there is a factual basis to believe he committed the charged crime. *See Montoya*, 109 Wn.2d at 280; *Hubbard*, 106 Wn. App. at 155 n.5. A factual basis exists if there is sufficient evidence from which a jury could conclude the defendant is guilty. *State v. Newton*, 87 Wn.2d 363, 370, 552 P.2d 682 (1976); *see also State v. Arnold*, 81 Wn. App. 379, 382, 914 P.2d 762 (1996).

¶23 Mr. Mayer argues it is impossible to discern under which means he believed the State could produce enough evidence to convict him. He states it is plausible that he believed the State could prove only felony murder based upon assault and that he could disprove intentional murder. Thus, he says his *Alford* plea to intentional murder cannot be deemed voluntary.

---

[3] This shifts the procedural focus away from the facial validity of the judgment and theoretically invokes consideration under the intervening case law exception to the one-year time bar for collaterally attacking a judgment. *See* RCW 10.73.100(6).

¶24 But the detective's affidavit of probable cause provided a sufficient factual basis from which a jury could find Mr. Mayer guilty of intentional murder, if not premeditated murder. Just prior to the killing, Mr. Mayer told Mr. McGhee he would "take care of him," referring to Mr. McNeil. Mr. Mayer hit Mr. McNeil in the face while an accomplice held him in a choke hold. When Mr. McNeil collapsed and fell face up to the ground, Mr. Mayer repeatedly smashed him in the head with a large rock. Mr. Mayer told others he killed Mr. McNeil with the rock and by kicking or stomping him. Later, in referring to Mr. McNeil, he told a detective that he had witnessed a killing and dumping of the body in another location in Spokane. He said the murder occurred because the victim complained too much, which angered the killers.

¶25 Given these facts, Mr. Mayer's signed plea statement creates a strong presumption that the guilty plea was a voluntary and intelligent choice among alternatives, which included risking trial on a more serious first degree murder charge. *Smith*, 134 Wn.2d at 852. In this situation, the *Andress* decision has not illuminated any "obvious, directly observable, overt, [and] not obscure" manifest injustice as pertains to his plea to second degree intentional murder. *Taylor*, 83 Wn.2d at 596; *see also Hubbard*, 106 Wn. App. at 157 (no reason to treat *Alford* plea differently from straight plea when independent factual basis supports plea); *In re Discipline of McLendon*, 120 Wn.2d 761, 771, 845 P.2d 1006 (1993) (effect of general plea and *Alford* plea is the same). Mr. Mayer's claim of involuntariness is, in essence, a conclusory allegation insufficient to afford relief in a personal restraint petition. *Cook*, 114 Wn.2d at 813-14.

¶26 We conclude that *Andress* does not invalidate Mr. Mayer's factually supported and voluntary guilty plea to second degree intentional murder. Any reference to second degree felony murder predicated on assault is extraneous and must be clerically deleted from the judgment.

¶27 c. <u>Double Jeopardy</u>. Mr. Mayer next contends that failure to vacate the second degree murder conviction when

one of the charged alternatives is invalid violates double jeopardy. He theorizes that he has already been punished and imprisoned for the felony murder conviction and now the State is attempting to use the intentional murder alternative to impose a duplicative prison sentence.[4] We reject his contentions.

¶28 The fifth amendment to the United States Constitution states: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Similarly, article I, section 9 of the Washington Constitution declares: "No person shall be . . . twice put in jeopardy for the same offense." These double jeopardy clauses each prohibit: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense imposed in the same proceeding. *See State v. Bobic*, 140 Wn.2d 250, 260, 996 P.2d 610 (2000).

¶29 Mr. Mayer pleaded guilty to the single crime of second degree murder. He received one conviction and one sentence. His sentence does not change simply because the felony murder alternative is invalid. He will not serve a "new" sentence, but will merely finish the second degree murder sentence already validly imposed. There is no fundamental defect in his sentence and no double jeopardy violation when the intentional murder and felony murder alternatives were merged into one conviction and one sentence. *See Johnson*, 113 Wn. App. at 488. Mr. Mayer's analogy to cases in which double jeopardy was implicated for multiple convictions arising out of the same act is inapposite. *State v. Calle*, 125 Wn.2d 769, 773-75, 888 P.2d 155 (1995) (double jeopardy may be implicated when multiple convictions arise out of the same act even if concurrent sentences imposed); *State v. Schwab*, 98 Wn. App. 179, 988 P.2d 1045 (1999) (felony murder and first

---

[4] This claim theoretically invokes consideration under the illegal sentence exception to the RCW 10.73.090(1) one-year time bar for collaterally attacking the judgment. *See* RCW 10.73.100(5).

degree manslaughter; court vacated manslaughter conviction). His arguments fail.

¶30 In summary, the *Andress* decision does not invalidate Mr. Mayer's second degree murder conviction and sentence. He makes no showing that he is entitled to relief in a personal restraint petition. He fails his burden under *Cook*, 114 Wn.2d at 813-14.

¶31 Accordingly, we deny Mr. Mayer's petition but remand the matter to the trial court for the sole purposes of correcting the statutory citation clerical error in the judgment and sentence and deleting any reference to second degree felony murder.

SWEENEY, A.C.J., and KURTZ, J., concur.

