[Nos. 53698-2-I; 54971-5-I; Division One. March 13, 2006.]
52137-3-I.

*In the Matter of the Personal Restraint of* TAUGA
FUAMAILA, *Petitioner.*

910

*Christopher Gibson* (of *Nielsen, Broman & Koch, P.L.L.C.*), for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *James M. Whisman, Deputy*, for respondent.

¶1 SCHINDLER, J. — On June 16, 1994, Tauga Fuamaila pleaded guilty to murder in the second degree of Victor Lindsey, charged in the alternative as intentional and

felony murder under former RCW 9A.32.050(1)(a) and (b) (1976), *amended by Laws of* 2003, ch. 3, § 1. After the decision in *In re Personal Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002), Fuamaila filed a personal restraint petition challenging the judgment and sentence entered on his second degree murder conviction.[1] Fuamaila argues his conviction is contrary to law under *Andress* and *In re Personal Restraint of Hinton*, 152 Wn.2d 853, 100 P.3d 801 (2004), and violates due process. In *Andress*, our Supreme Court held that second degree assault under former RCW 9A.32.050(1)(b) cannot serve as the predicate crime to convict a defendant of second degree felony murder. *Andress*, 147 Wn.2d at 604.[2] In *Hinton*, the court clarified the *Andress* decision applied retroactively to all defendants convicted under former RCW 9A.32.050(1)(b) and the 2003 amendments applied only prospectively. *Hinton*, 152 Wn.2d at 857-58, 861. There is no dispute that Fuamaila's plea based on the alternative means charged under former RCW 9A.32.050(1)(b) is invalid. But Fuamaila also pleaded guilty to committing murder in the second degree charged under former RCW 9A.32.050(1)(a) as intentional murder. Fuamaila concedes he could not plead guilty to just one of the alternative means charged but argues he only admitted to committing felony murder

---

[1] Fuamaila was serving his sentence when the Washington Supreme Court decided *Andress*.

[2] Former RCW 9A.32.050(1)(b) (1976) provides:

A person is guilty of murder in the second degree when:

. . . .

(b) He commits or attempts to commit any felony other than those enumerated in RCW 9A.32.030(1)(c), and, in the course of and in furtherance of such crime or in immediate flight therefrom, he, or another participant, causes the death of a person other than one of the participants.

As amended, RCW 9A.32.050(1)(b) (2003) provides:

A person is guilty of murder in the second degree when:

. . . .

(b) He or she commits or attempts to commit any felony, including assault, other than those enumerated in RCW 9A.32.030(1)(c), and, in the course of and in furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the death of a person other than one of the participants.

predicated on assault and there was no factual basis for the trial court to accept his plea to intentional second degree murder.

¶2 While the decisions in *Andress* and *Hinton* represent a significant change in the law that is material to Fuamaila's second degree murder conviction based on the alternative means of felony murder, *Andress* and *Hinton* do not affect Fuamaila's second degree murder conviction based on intentional murder. Therefore, the judgment and sentence for second degree murder is valid on its face and Fuamaila's collateral attack is time barred under RCW 10-.73.090(1). In addition, Fuamaila has not established either nonconstitutional error that constitutes a fundamental defect inherently resulting in the miscarriage of justice or constitutional error that was actual or substantial. Fuamaila's plea to intentional murder in the second degree did not violate due process, and there was a factual basis for the plea. We reject Fuamaila's arguments and deny his personal restraint petition.

## FACTS

¶3 On March 6, 1994, Victor Lindsey and Tala Moli attended a formal dance at Rainier Beach High School together. March 6 was also Moli's birthday, and after the dance they went to her house for her birthday party. At approximately 2:30 AM, Lindsey and Moli's 14-year-old cousin, Halina Johnson, went out on the back porch to talk. Tauga Fuamaila, his older brother Misikupa Fuamaila, and their friend Jack Palelei were also on the back porch. When Tauga, Misikupa, and Palelei started bragging about their "west side" gang affiliations, Lindsey yelled at the group, "Fuck the west side!"[3] Tauga, Misikupa, and Palelei attacked Lindsey, hitting him and stabbing him repeatedly. When police arrived, they found Lindsey dead on the back porch. Lindsey was stabbed 14 times in the stomach, back, and head areas. One witness told police she saw Tauga stab Lindsey at least two times. A neighbor, who lives two blocks

---

[3] Suppl. Br. of Pet'r, Ex. B.

from Moli's house, gave the police a bloody 12-inch butcher knife found in front of her house. The next day, police interviewed Tauga and Misikupa. After receiving *Miranda*[4] warnings, Tauga and Misikupa agreed to talk to the police. Tauga and Misikupa each told the police "that Tauga did the stabbing while Palelei beat [Lindsey] with his fists."[5] In a separate interview, Palelei told police he and Misikupa beat Lindsey and he did not see who killed him.

¶4 The State charged Tauga and Palelei in juvenile court with murder in the second degree. Misikupa was charged with the same crime as an adult. In May 1994, the juvenile court declined jurisdiction and ordered Tauga and Palelei to be tried as adults. Thereafter, Tauga claimed his brother, Misikupa, stabbed Lindsey.[6] While some witnesses identified Tauga as the person who stabbed Lindsey, others identified Misikupa. Misikupa and Palelei were going to testify that Tauga stabbed Lindsey and killed him.[7]

¶5 The State charged Tauga Fuamaila with second degree murder committed by the alternative means of intentional murder and felony murder predicated on assault under former RCW 9A.32.050(1)(a) and (b).[8]

¶6 On June 16, 1994, Tauga pleaded guilty to the second degree murder of Lindsey "as charged in the third amended information."[9] The third amended information alleged as follows:

I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington do

---

[4] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[5] Suppl. Br. of Pet'r, Ex. B.

[6] Suppl. Aff. of Judge Michael J. Trickey in Supp. of Mot. to Appoint Expert Investigator, State's Suppl. Resp. to Personal Restraint Pet. (State's Suppl. Br.), App. F.

[7] Aff. of Counsel in Supp. of Mot. for Severance of Defs., State's Suppl. Br., App. F.

[8] Palelei and Misikupa Fuamaila pleaded guilty to first degree manslaughter.

[9] Suppl. Br. of Pet'r, Ex. C.

accuse TAUGA FUAMAILA of the crime of Murder in the Second Degree, committed as follows: . . .

That the defendant[ ] TAUGA FUAMAILA . . . in King County, Washington on or about March 6, 1994, while committing and attempting to commit the furtherance of said crime and in the immediate flight therefrom, and with intent to cause the death of another person, did cause the death of Victor Lindsey, a human being, who was not a participant in said crime, and who died on or about March 6, 1994;

Contrary to RCW 9A.32.050(1)(a) and (b). . . . [10]

¶7 In paragraph 4 of the statement of defendant on plea of guilty, Tauga states that he has been fully informed and understands the charges in the third amended information:

I am charged with the crime(s) of Murder in the Second Degree . . . . The elements of this crime(s) are while committing crime of assault in the second degree, did cause death of another in furtherance of that assault and/or intentionally causing the death of another, who is not a participant in the assault.[11]

¶8 In paragraph 7, Tauga acknowledges he has received a copy of the third amended information and that he is pleading guilty "as charged."

I plead guilty to the crime of murder in the second degree as charged in the Third amended information. I have received a copy of the information.[12]

¶9 In paragraph 11, Fuamaila made the following statement:

On or about March 6, 1994, in King County, I assaulted Victor Lindsey with a knife and he was killed by the knife during the assault.[13]

---

[10] Suppl. Br. of Pet'r, Ex. A.

[11] Suppl. Br. of Pet'r, App. C at 1.

[12] *Id.* at 6 (strikeouts omitted).

[13] Suppl. Br. of Pet'r, Ex. C.

¶10 After the colloquy with Fuamaila regarding the charges, his rights, and the consequences of the plea, the trial court accepted Fuamaila's guilty plea.

> I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.[14]

¶11 Fuamaila received a standard range sentence of 164 months. The judgment and sentence was entered on September 2, 1994.

¶12 Fuamaila filed a personal restraint petition in December 2003 asking this court to vacate his conviction for second degree murder under *Andress* and *Hinton*.[15]

## ANALYSIS

¶13 Fuamaila contends his 1994 conviction for second degree murder is invalid and must be vacated under *Andress* and *Hinton* because he only pleaded guilty to second degree felony murder predicated on assault and did not plead guilty to intentional second degree murder. To obtain relief, Fuamaila must first overcome statutory and procedural bars to his personal restraint petition. RCW 10.73.090; RAP 16.4.

¶14 RCW 10.73.090(1) bars review of an untimely collateral attack of a judgment and sentence: "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RAP 16.4 incorporates the requirements of RCW 10.73.090.

---

[14] Suppl. Br. of Pet'r, App. C at 11.

[15] Fuamaila initially filed a motion for modification of judgment and sentence in King County Superior Court in December 2003. The superior court transferred the motion to this court. This court stayed Fuamaila's personal restraint petition pending the Washington Supreme Court's decision in *Hinton*, 152 Wn.2d 853. After *Hinton* was decided, the stay was lifted.

¶15 Fuamaila has the burden to show the judgment and sentence is invalid under RCW 10.73.090(1) or an exception applies under RCW 10.73.100. *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 82, 74 P.3d 1194 (2003). When a judgment is invalid on its face, there is no time limit to file a personal restraint petition under RCW 10-.73.090(1). A judgment and sentence is invalid on its face when "the judgment and sentence evidences the invalidity without further elaboration." *In re Pers. Restraint Hemenway*, 147 Wn.2d 529, 532, 55 P.3d 615 (2002). The documents considered as part of a plea agreement can be used to determine the facial validity of the judgment and sentence. *Id.* at 532-33.

¶16 There is no dispute Fuamaila's personal restraint petition is a collateral attack filed 11 years after the judgment and sentence was final or the judgment and sentence was entered by a court of competent jurisdiction. In addition, the plea documents unambiguously establish that Fuamaila pleaded guilty to murder in the second degree "as charged" by two alternative means—intentional murder and felony murder predicated on assault under former RCW 9A.32.050(1)(a) and (b). We agree that the judgment and sentence based on the alternative means of felony murder under former RCW 9A.32.050(1)(b) would be invalid under *Andress* and *Hinton*. But, we conclude the judgment and sentence based on intentional murder in violation of former RCW 9A.32.050(1)(a) is valid on its face.

¶17 Intentional murder and felony murder are not two different crimes, but alternate ways to commit the crime of murder in the second degree. *State v. Berlin*, 133 Wn.2d 541, 552-53, 947 P.2d 700 (1997); *State v. Johnson*, 113 Wn. App. 482, 487, 54 P.3d 155 (2002). When there are two or more alternate ways to commit a crime, it is permissible to charge both alternatives in the same count. *State v. Scott*, 64 Wn.2d 992, 993, 395 P.2d 377 (1964). A defendant does not have the right to plead guilty to just one of the alternative means. *State v. Bowerman*, 115 Wn.2d 794, 799, 802 P.2d 116 (1990); *State v. Duhaime*, 29 Wn.

App. 842, 854-55, 631 P.2d 964 (1981). And under CrR 4.2, "[t]he statutory right to plead guilty is a right to plead guilty to the information *as charged.*" *Bowerman*, 115 Wn.2d at 799.

¶18 In *Bowerman*, the State charged the defendant by amended information with the crime of first degree murder based on two alternative means—aggravated premeditated murder and felony murder. *Bowerman*, 115 Wn.2d at 797. In rejecting the defendant's argument that she had a statutory right to plead guilty to only the felony murder alternative, the court explained:

> The statutory right to plead guilty recognized in *Martin*[16] cannot be stretched so far as to include a right to plead guilty to only one alternative means out of several that are charged. Where an information alleges more than one means of committing a single crime, the right to plead guilty is a right to plead guilty to the one crime charged.[17]

¶19 A recent case, *In re Personal Restraint of Mayer*, 128 Wn. App. 694, 117 P.3d 353 (2005), addresses the impact of *Andress* on a plea to second degree murder charged in the alternative under former RCW 9A.32.050(1)(a) and (b). Relying on *Bowerman*, the court rejected the argument that the conviction was not knowing and intelligent and dismissed the personal restraint petition because the plea to second degree intentional murder as charged in the alternative was valid.

¶20 As in *Bowerman* and *Mayer*, Fuamaila did not have the right to plead guilty to only one of the alternative means of committing the crime of second degree murder. *Bowerman*, 115 Wn.2d at 799; *Mayer*, 128 Wn. App. at 703. The State charged Fuamaila with second degree murder committed by two alternative means under former RCW 9A.32.050(1)(a) and (b)—intentional murder and felony murder predicated on assault. Fuamaila pleaded

[16] *State v. Martin*, 94 Wn.2d 1, 5, 614 P.2d 164 (1980) (holding that CrR 4.2(a) grants a defendant the right to plead guilty).

[17] *Bowerman*, 115 Wn.2d at 801.

guilty "as charged," and the judgment and sentence correctly reflects the finding that he was guilty of murder in the second degree in violation of RCW 9A.32.050. Fuamaila fails to show the judgment and sentence is invalid within the meaning of RCW 10.73.090(1).

¶21 Where the judgment and sentence is valid on its face, the one-year time limit to file a personal restraint petition applies. *Turay*, 150 Wn.2d at 74. Unless Fuamaila can prove that his petition falls within an exception to the one-year time bar, under RCW 10.73.100, his collateral attack on the judgment and sentence is time barred.

¶22 RCW 10.73.100 lists several exceptions to the one-year time bar for a collateral attack. RCW 10.73.100(6) provides in pertinent part:

> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
>
> . . . .
>
> (6) *There has been a significant change in the law, whether substantive or procedural, which is material to the conviction,* sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.[18]

For RCW 10.73.100(6) to apply to Fuamaila's personal restraint petition, the *Andress* and *Hinton* decisions must be a significant change in the law material to his second degree murder conviction.

¶23 While *Andress* and *Hinton* are material to a second degree felony murder conviction predicated on assault under former RCW 9A.32.050(1)(b), *Andress* and *Hinton*

---

[18] (Emphasis added.)

are not material to Fuamaila's second degree murder conviction based on the alternative means of intentional murder under former RCW 9A.32.050(1)(a). Fuamaila's collateral attack on his judgment and sentence based on intentional second degree murder is untimely and barred by RCW 10.73.090(1).

¶24 Although we hold that Fuamaila's collateral attack is time barred, we nonetheless address his substantive arguments under *Andress* and *Hinton* because "*Andress* represented an unexpected change in long standing decisional law." *State v. Ramos*, 124 Wn. App. 334, 336, 101 P.3d 872 (2004). Even if Fuamaila's petition was not time barred, he fails to meet his burden to establish either constitutional error that resulted in actual or substantial prejudice or nonconstitutional error that inherently results in a "complete miscarriage of justice." *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). Fuamaila acknowledges he was charged with committing second degree murder in the alternative under former RCW 9A-.32.050(1)(a) and (b). But he contends he pleaded guilty only to felony murder predicated on assault and did not plead guilty to intentional second degree murder.

¶25 To obtain relief in a personal restraint petition, Fuamaila must show, by a preponderance of the evidence, actual and substantial prejudice resulting from alleged constitutional errors. *Hinton*, 152 Wn.2d at 858-59 (citing *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 298, 88 P.3d 390 (2004); *Cook*, 114 Wn.2d at 810, 812). A constitutionally invalid guilty plea gives rise to actual prejudice. *In re Pers. Restraint of Montoya*, 109 Wn.2d 270, 277, 744 P.2d 340 (1987).

¶26 Due process requires that a guilty plea be made intelligently, voluntarily, and with knowledge that certain rights will be waived. *Montoya*, 109 Wn.2d at 277. A plea cannot be voluntary "unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). "[A]n accused must not only

be informed of the requisite elements of the crime charged, but also must understand that his conduct satisfies those elements." *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 88, 660 P.2d 263 (1983).

¶27 Fuamaila focuses exclusively on his brief written description in the plea statement to establish he only pleaded guilty to felony murder and did not plead guilty to intentional murder. The record does not support Fuamaila's position.

¶28 The third amended information charged Fuamaila with second degree murder by alternative means based on both felony murder and intentional murder. Fuamaila confirmed he received a copy of the third amended information and acknowledged he was charged with second degree murder committed by the alternative means of intentional and felony murder. The third amended information alleges Fuamaila committed second degree murder:

> . . . while committing and attempting to commit the crime of Assault in the Second Degree, and in the course of and in furtherance of said crime and in the immediate flight therefrom, and with intent to cause the death of another person, did cause the death of Victor Lindsey.[19]

¶29 At the beginning of the plea colloquy about the charges, Fuamaila's rights, and the consequences of his plea, the prosecutor reiterated the elements of murder in the second degree and asked Fuamaila if he understood.

> Do you understand that the elements of murder in the second degree are that you committed, while in the course of committing assault, Victor Lindsey died and/or that you intentionally caused the death of Victor Lindsey.[20] In response, Fuamaila replied, "Yeah."[21]

¶30 And, in the signed plea statement, Fuamaila reiterated he was pleading guilty "as charged" in the third

---

[19] Suppl. Br. of Pet'r, Ex. A.

[20] Report of Proceedings (June 16, 1994) at 5.

[21] *Id.* at 5.

amended information. The record establishes that Fuamaila understood he was pleading guilty to both felony murder and intentional murder.

¶31 Fuamaila's description of the crime in the plea statement is also consistent with pleading guilty to intentional murder and does not establish he only pleaded guilty to felony murder. In his "own words" Fuamaila states "On or about March 6, 1994, in King County, I assaulted Victor Lindsey with a knife and he was killed by the knife during the assault."[22] Fuamaila does not deny intent to commit murder; he admits using deadly force and that Lindsey was killed.

¶32 Citing *McCarthy*, 394 U.S. 459, Fuamaila argues that a guilty plea cannot be knowing and intelligent unless the defendant expressly admits to the conduct constituting the crime. But *McCarthy* does not require that a defendant expressly admit to all conduct constituting the elements of the charged crime in order for his plea to be voluntary, knowing, and intelligent. Rather, *McCarthy* recognizes that the guilty plea itself "is an admission of all the elements of a formal criminal charge," which requires that the defendant possess "an understanding of the law in relation to the facts." *McCarthy*, 394 U.S. at 466. *See also North Carolina v. Alford*, 400 U.S. 25, 32, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (recognizing that an ordinary straight plea admits the commission of the crime charged, "even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment").

¶33 Fuamaila also argues that there was no factual basis for pleading guilty to the intentional murder of Lindsey.[23] Under CrR 4.2(d), "[t]he court shall not enter

---

[22] Suppl. Br. of Pet'r, Ex. C at 10.

[23] "A person acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). Intent may be inferred "from a defendant's conduct where it is plainly indicated as a matter of logical probability." *State v. Myers*, 133 Wn.2d 26, 38, 941 P.2d 1102 (1997).

a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Under CrR 4.2(d), before accepting a plea, the judge must determine that the defendant's conduct constitutes the charged offense. *In re Pers. Restraint of Crabtree*, 141 Wn.2d 577, 585, 9 P.3d 814 (2000). A factual basis exists if there is sufficient evidence from which a jury could conclude the defendant is guilty. *State v. Newton*, 87 Wn.2d 363, 370, 552 P.2d 682 (1976). The factual basis "may come from any source the trial court finds reliable, and not just the admissions of the defendant," *Newton*, 87 Wn.2d at 370, "so long as the material relied upon by the trial court is made a part of the record."[24] *State v. Osborne*, 102 Wn.2d 87, 95, 684 P.2d 683 (1984); *accord In re Pers. Restraint of Keene*, 95 Wn.2d 203, 210 n.2, 622 P.2d 360 (1980); *State v. Arnold*, 81 Wn. App. 379, 914 P.2d 762 (1996).

¶34 Here, the record contained not only the statement of defendant on plea of guilty but also the third amended information and the second supplemental certification for determination of probable cause (Supplemental Certification).[25] Fuamaila claims the Supplemental Certification does not support the court's conclusion that he intended to kill Lindsey. We disagree. According to the Supplemental Certification, the police found Lindsey dead with 14 stab wounds to his stomach, back, and head. Witnesses at the party told the police that Tauga Fuamaila, Misikupa Fuamaila, and Palelei "jumped Mr. Lindsey and began pummeling him" and "one of the men was armed with a knife and was stabbing the victim."[26] Another witness told police that she saw "Tauga Fuamaila stab Lindsey at least

---

[24] Without legal support, Fuamaila contends that in determining whether there is a factual basis for a "straight" plea of guilty, a court may only rely on the defendant's description. This argument is contrary to *In re Personal Restraint of Keene* and *State v. Elmore*, where the Washington Supreme Court looked to "any reliable source" in the context of a straight plea. *State v. Elmore*, 139 Wn.2d 250, 262-63, 270, 985 P.2d 289 (1999); *In re Pers Restraint of Keene*, 95 Wn.2d 203, 204-05, 210 n.2, 622 P.2d 360 (1980).

[25] Suppl. Br. of Pet'r, Ex. B.

[26] *Id.*

two times."[27] A bloody "twelve-inch butcher knife" was found two blocks away from the party. After being arrested and given *Miranda* rights, both Tauga and Misikupa told the police that "Tauga did the stabbing while Palelei beat the victim with his fists."[28] According to Fuamaila's attorney, Misikupa and Palelei were both prepared to testify that Tauga killed Lindsey and Misikupa would testify "that Tauga was the person who stabbed Victor Lindsey to death."[29] And in the plea statement Fuamaila admits in his "own words" to using deadly force consistent with intentional murder. Sufficient evidence supports the court's finding that Fuamaila intentionally killed Victor Lindsey and a factual basis for the plea.

## CONCLUSION

¶35 We conclude Fuamaila's collateral attack on his 1994 conviction for second degree intentional murder is time barred under RCW 10.73.090(1). *Andress* and *Hinton* are not material to Fuamaila's conviction because he also pleaded guilty to second degree murder based on the alternative theory of intentional murder. Even if his personal restraint petition was not time barred, Fuamaila has not demonstrated by a preponderance of the evidence either nonconstitutional error that constitutes a fundamental defect resulting in the miscarriage of justice or constitutional error that was actual or substantial. We deny Fuamaila's personal restraint petition.

BAKER and AGID, JJ., concur.

---

[27] *Id.*

[28] *Id.*; *see also* State's Suppl. Br., Exs. E, F.

[29] State's Suppl. Br., Ex. F.