IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,               )
                                   )  No. 32390-1-III
            Respondent,            )  (Consolidated with
                                   )  No. 32391-9-III; No. 32392-7-III)
      v.                           )
                                   )
LYZETTE VARGAS,                    )
                                   )  UNPUBLISHED OPINION
            Appellant.             )

BROWN, A.C.J. — Lyzette Vargas appeals her convictions for unlawful possession of a controlled substance, possession with intent to manufacture or deliver a controlled substance, and theft of a motor vehicle. She contends the trial court erred in denying her prejudgment motion to withdraw her guilty plea. She argues insufficient facts support the theft of a motor vehicle charge. In her statement of additional grounds for review (SAG), Ms. Vargas expresses concerns about the circumstances surrounding her plea, her cooperation with the terms of the plea agreement, and the bar complaints she made regarding her counsel's performance. We affirm.

FACTS

The State charged Ms. Vargas with unlawful possession of clonazepam (No. 32390-1-III), possession of methamphetamine with intent to manufacture or deliver (No. 32391-9-III), and theft of a motor vehicle (No. 32392-7-III). As part of a global plea

agreement encompassing all three charges, the State agreed to recommend a reduced and concurrent sentence in exchange for Ms. Vargas' agreement she would work with a drug task force as a confidential informant. In accepting her guilty plea to theft of a motor vehicle, the trial court incorporated the affidavit of probable cause with the following statement made by Ms. Vargas in her statement on plea of guilty: "On 8/16/13 I had borrowed a 1997 Ford Explorer + I did not return it when requested." Clerk's Papers (CP) at 215.

Ms. Vargas did not attempt to work with the task force. She later moved to withdraw her guilty pleas to all three charges, arguing her guilty plea to theft of a motor vehicle lacked a factual basis.[1] The court denied the motion, concluding "the statement of what [Ms. Vargas] believes makes her guilty in her Statement on Plea of guilty satisfied all the required elements of the charge of Theft of a Motor Vehicle." CP at 250. Ms. Vargas appealed.

### ANALYSIS

The issue is whether the trial court erred by not allowing Ms. Vargas to withdraw her guilty pleas. Ms. Vargas contends her guilty plea to theft of a motor vehicle lacked a factual basis because the record is insufficient to show she had any intent to deprive the owner of the vehicle.

---

[1] At the hearing on the motion, the State agreed if Ms. Vargas was allowed to withdraw her plea to theft of a motor vehicle, she could withdraw her pleas to the other two charges as the plea agreement resolved all three cases.

CrR 4.2(f) allows a defendant to withdraw her plea "whenever it appears that the withdrawal is necessary to correct a manifest injustice." This is a demanding standard. *State v. Zhao*, 157 Wn.2d 188, 197, 137 P.3d 835 (2006). Manifest injustice includes instances when the plea was not voluntary. *Id.* (quoting *State v. Marshall*, 144 Wn.2d 266, 281, 27 P.3d 192 (2001)). Ms. Vargas contends her plea was involuntary because it lacked a factual basis. We overturn a trial court's denial of motion to withdraw a plea solely for abuse of discretion. *Id.*

CrR 4.2(d) requires the trial court to find a factual basis supporting the plea. In determining whether a factual basis exists for the plea, the court does not need to be convinced the defendant is guilty beyond a reasonable doubt. *State v. Arnold*, 81 Wn. App. 379, 382, 914 P.2d 762 (1996). "Instead, a factual basis exists if the evidence is sufficient for a jury to conclude that the defendant is guilty." *Id.* Any reliable source of information, provided it is a part of the record at the time of the plea, may be considered by the court when determining whether sufficient evidence supports the plea. *Id.* at 382-83 (stating the prosecutor's factual statement contained in the certificate of probable cause can provide the factual basis for a guilty plea if it was before the court and made a part of the record at the time of the plea).

A person commits theft of a motor vehicle if she wrongfully obtains or exerts unauthorized control over another's vehicle with intent to deprive him of the vehicle.

3

RCW 9A.56.065; RCW 9A.56.020(1)(a). Thus two elements exist for theft of a motor vehicle: wrongfully obtains[2] and intent.

Regarding the intent element, Ms. Vargas points to her use of the word "borrowed" to argue there is insufficient evidence to support she had any intent to deprive the owner of the vehicle. "The specific criminal intent of the accused may be inferred from the conduct where it is plainly indicated as a matter of logical probability." State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). Moreover, when analyzing intent in a theft case, intent to permanently deprive is not required. State v. Crittenden, 146 Wn. App. 361, 369-70, 189 P.3d 849 (2008). It is logical to infer Ms. Vargas' failure to return the vehicle upon request by the owner shows she intended to deprive the owner of the vehicle. Thus, Ms. Vargas' statement by itself provides a factual basis for her plea. Additionally, the court specifically incorporated the affidavit of probable cause when establishing the factual basis. The affidavit indicates Ms. Vargas agreed to return the vehicle on August 2, 2013; despite the owner's attempt to contact Ms. Vargas, her whereabouts and the location of the vehicle were unknown until August 16, 2013, when the owner reported the vehicle stolen. Ms. Vargas' intent to deprive can be inferred

---

[2] While Ms. Vargas does not argue she did not wrongfully obtain the vehicle, her statement certainly provides a factual basis for this element. A person who was granted authority to use a vehicle but then exceeds that authority wrongfully obtains that vehicle. See State v. Clark, 96 Wn.2d 686, 638 P.2d 572 (1982) (where a person has a license to use another's vehicle and exceeds the scope of that license, the correct charge is theft of a motor vehicle). Ms. Vargas' statement demonstrated while she initially had permission to use the vehicle, she exceeded the scope of that permission when she refused to return the car when asked. This is sufficient to show she wrongfully obtained the vehicle.

4

from her failure to (1) return the car for two weeks and (2) respond to the owner's attempts to contact her during that time.

## SAG

Ms. Vargas expresses three concerns in her SAG: (1) the State pressured her into keeping her plea agreement despite knowing she wished to withdraw her plea, (2) she did cooperate with the drug task force, and (3) she filed two complaints against her counsel for ineffective assistance. The limited evidence showing the State "pressured" Ms. Vargas is the State's opposition to her motion to withdraw her plea. At sentencing, Ms. Vargas stipulated she did not cooperate with the drug task force as required by the plea agreement. Regarding bar complaints, the record is silent. Thus, nothing in the record supports her concerns. The appropriate means of raising matters outside the record is through the filing of a personal restraint petition. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

5