**FILED**
**SEPTEMBER 28, 2017**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | No. 33617-4-III |
| | ) | |
| E.J.E.G. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| | ) | |

PENNELL, J. — J.G. appeals the terms of an order finding his infant son, E.J.E.G.,

to be a dependent child. We affirm the order of dependency, but remand for correction of

a scrivener's error.

## FACTS

J.G.'s son, E.J.E.G., was born at less than 30 weeks gestation. He spent the first

four months of life in a neonatal intensive care unit. Prior to E.J.E.G's release from the

hospital, the Department of Social and Health Services filed a dependency petition.

Evidence presented at the dependency fact-finding hearing revealed E.J.E.G. had a number of physical and developmental issues that required ongoing all-day care. In addition to specialized care, E.J.E.G. required a calm, soothing environment free from loud noises to avoid triggering a sensitive startle reflex.

J.G. was an inconsistent visitor during his son's time in the hospital. During the times he did visit, J.G. never exhibited any behavioral problems. However, J.G. had a tense relationship with various service providers, including the assigned social worker. The social worker described J.G. as prone to inexplicably "explode" into a "crazy rage" from which he did not de-escalate. 1 Report of Proceedings (June 24, 2015) at 31.

After a fact-finding hearing that J.G. did not attend, the court declared E.J.E.G. a dependent child. The dependency order required supervised therapeutic visitation between J.G. and his son at a location approved by the Department. The order provided visitation "shall NOT take place if [a qualified therapist] cannot be identified." Clerk's Papers at 92. J.G. appeals this determination.

## ANALYSIS

On appeal, J.G. does not challenge the order of dependency. Instead he questions the limitations placed on visitation. J.G. claims visitation should have been permitted to take place even in the absence of a willing therapist.

2

Assuming they are not moot,[1] J.G.'s arguments are unpersuasive. Trial courts have broad discretion to limit visitation as necessary to protect a child's health, safety, or welfare. RCW 13.34.136(2)(b)(ii)(C); *In re Dependency of Tyler L.*, 150 Wn. App. 800, 804, 208 P.3d 1287 (2009). No abuse of discretion happened here. Several witnesses described J.G.'s volatile behavior and tendency to explode into uncontrollable rages. Given this testimony, the court was justifiably concerned that J.G.'s son may be harmed if he was around during one of J.G.'s rages. Requiring visitation supervised by a trained therapist addressed the court's concern by ensuring the presence of someone capable of identifying changes in J.G.'s demeanor and facilitating prompt de-escalation. The protective measure ordered by the court served to maximize J.G.'s chances of successful visits with his son. It was entirely appropriate.

Apart from challenging the terms of visitation, J.G. points out the dependency order contains a scrivener's error. Specifically, the order indicates it is an agreed dependency. It was not. Remand to correct this error is appropriate. *In re Pers. Restraint*

---

[1] The current appeal has been considered on the same docket as J.G.'s appeal of an order terminating his parental rights to E.J.E.G. *See In re Parental Rights to E.J.E.G.*, No. 34771-1-III. A decision affirming the termination of J.G.'s parental rights has been filed on the same date as this decision. The limitations placed on J.G.'s visitation in the dependency played no role in the parental rights case. Thus, even if we were to agree with J.G.'s challenges to the terms of visitation at this point, he would have no effective remedy.

No. 33617-4-III
*In re Dependency of E.J.E.G.*

*of Mayer*, 128 Wn. App. 694, 701-02, 117 P.3d 353 (2005).

## CONCLUSION

We affirm the order of dependency and disposition of the trial court, but remand for correction of the scrivener's error.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Korsmo, J.

4