[No. 42923.    En Banc.    April 11, 1974.]

THE STATE OF WASHINGTON, *Petitioner*, v. KENNETH LLOYD TAYLOR, *Respondent*.

*Christopher T. Bayley, Prosecuting Attorney, David Boerner, Chief Criminal Deputy,* and *Philip Y. Killien, Senior Deputy,* for petitioner.

*Moschetto & Alfieri,* by *Steve Paul Moen,* for respondent (appointed counsel for appeal).

STAFFORD, J.—Defendant and Clay Burleson were charged with first-degree assault. Burleson pleaded guilty and was sentenced. On July 11, 1973, as a result of negotiations between defense counsel and the prosecuting attorney, defendant pleaded guilty to a reduced charge of second-degree assualt. On August 7, 1973, prior to sentencing, defendant moved to withdraw his guilty plea and enter a plea of not guilty. The motion was granted August 9.

The state has petitioned this court for a writ of certiorari to review the trial court's order authorizing defendant to withdraw his plea of guilty. The state's petition requires us

to interpret CrR 4.2 (f), adopted as part of the new criminal rules effective July 1, 1973. 82 Wn.2d 1114, 1131 (1973). CrR 4.2 (f) reads:

> The court shall allow a defendant to withdraw his plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice.

Petitioner argues that CrR 4.2 (f) supersedes RCW 10.40.175[1] and establishes a singular standard against which to measure motions for the withdrawal of guilty pleas. We agree.

Defendant argues that the cases construing RCW 10.40.175 should control our interpretation of CrR 4.2 (f). It is urged that motions for change of plea made prior to sentencing should still be addressed to the sound discretion of the trial court and such discretion should be exercised liberally, citing *State v. Harris*, 57 Wn.2d 383, 385, 357 P.2d 719 (1960). This suggestion would require us to read into CrR 4.2 (f) that dichotomy in standards which is found in many of our earlier cases as well as in Federal Rule of Criminal Procedure 32(d), 18 U.S.C.A. Rule 32 (1961). However, neither CrR 4.2 (f) nor its historical background support defendant's position.

During its review of the problem, the Washington Judicial Council's Task Force on Criminal Rules had several available options pertaining to the withdrawal of pleas of guilty. It could have continued the dual standard that had developed under RCW 10.40.175; it could have adopted Federal Rule of Criminal Procedure 32(d); or, it could have adopted the American Bar Association's proposed Standards for Criminal Justice §§ 2.1(a) and (b). Each grants rather liberal discretion to a trial judge if the motion for change of plea is made prior to sentence, but applies a more stringent test if the motion is made thereafter. For example, both the American Bar Association Standards

---

[1] RCW 10.40.175. "At any time before judgment, the court may permit the plea of guilty to be withdrawn, and other plea or pleas substituted."

§§ 2.1 (a) and (b) and Federal Rule 32 (d) impose the more stringent "manifest injustice" test in the latter case.

■■ The task force rejected the dual approach and in its place proposed a standard that applies equally whether the defendant moves to change his plea of guilty before *or* after sentencing. Under CrR 4.2 (f), adopted by this court, the trial court shall allow a defendant to withdraw his plea of guilty whenever it appears that withdrawal is (1) *necessary* to correct a (2) *manifest injustice, i.e.,* an injustice that is obvious, directly observable, overt, not obscure. *Webster's Third New International Dictionary* (1966). Without question, this imposes upon the defendant a demanding standard. But this is not an ill-considered result.

An examination of the other and connected criminal rules adopted by this court on the same date reveals the logic of applying a demanding test. CrR 4.2 (d) prevents a court from accepting a plea of guilty until it has ascertained that it was "made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." A trial court is not permitted to enter judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. CrR 4.2 (e) provides that "[i]f a plea of guilty is based upon an agreement between the defendant and the prosecuting attorney, such agreement must be made a part of the record at the time the plea is entered." In addition, the trial judge must inform the defendant that an agreement cannot be made which attempts to control exercise of the judge's discretion. Finally, CrR 4.2 (g) requires the defendant to file, with his plea of guilty, a detailed written statement which not only itemizes his basic constitutional rights, but sets forth the requirements of CrR 4.2 (d) and (e) and specifies that the statement has been read by or read to the defendant. The statement must be signed by the defendant in the presence of his attorney, the prosecuting attorney, and the judge. In short, CrR 4.2 (d), (e) and (g) are carefully designed to insure that the defendant's rights have been fully protected *before* a plea of guilty may be accepted.

The comprehensive protective requirements of CrR 4.2(d), (e) and (g) present a striking contrast to the less strict procedures formerly associated with RCW 10.40.175 and its connected cases. Greater safeguards have been thrown around a defendant at the critical time of accepting his plea of guilty. Every effort has been made to ascertain that the plea of guilty is made voluntarily, with understanding and with reasonable knowledge of the important consequences. That being the case, trial courts should exercise greater caution in setting aside a guilty plea once the required safeguards have been employed.[2]

Under the federal rules, the "manifest injustice" requirement has been recognized as a "demanding standard." 2 Wright, *Federal Practice & Procedure* § 539 (1969). The federal courts have found the demanding standard met where it is established that a defendant has failed to understand the consequences of his plea (*Carter v. United States,* 306 F.2d 283 (D.C. Cir. 1962)); or, where a defendant was denied effective assistance of counsel (*Kadwell v. United States,* 315 F.2d 667 (9th Cir. 1963)); or, where the plea was induced by threats or promises (*Semet v. United States,* 369 F.2d 90 (10th Cir. 1966)). None of the foregoing are found in this case, however. The task force, in its comments, has suggested four indicia of "manifest injustice." They are: "(1) denial of effective counsel, (2) plea . . . not ratified by the defendant or one authorized [by him] to do so, (3) plea was involuntary, (4) plea agreement was not kept by the prosecution." *Washington Proposed Rules of Criminal Procedure,* p. 50 (1971). While we agree that any one of the above-listed indicia would independently establish "manifest injustice" and would require a trial court to allow a defendant to withdraw his plea, none is present in this case.

---

[2]Parenthetically, it is interesting to note that defendant does not assert a failure to fully comply with any portion of CrR 4.2. Indeed, his itemized statement sets forth (1) a statement of the facts that resulted in his being charged; (2) his plea of guilty; (3) the recommendation that the prosecutor would make as to sentencing; as well as (4) the charge and the maximum and minimum sentences.

The American Bar Association standards and the Criminal Rules Task Force proposed standards do not suggest that the list of indicia is exclusive and we do not so hold. If, however, facts presented to the court do not fall within one of the listed categories, as is the case here, we hold that there must at least be some showing that a manifest (*i.e.,* obvious, directly observable, overt or not obscure) injustice will occur if the defendant is not permitted to withdraw his plea.

The affidavit of defense counsel supporting defendant's motion sets forth the following facts: on July 25, defendant received information *possibly* helpful in support of a defense to the charge; an investigation resulted in factual data which would, in counsel's opinion, support a defense to the charge; this information was not known to *counsel* prior to the plea of guilty on July 11; the presentence report of the prosecuting attorney contained an allegation inconsistent with the defense investigation. What the affidavit does not say, however, is more important. It does not set forth the nature of the new information. It does not reveal why it would support a defense or disclose the nature of the defense. The trial court was not told whether *defendant* knew of the information before the plea was entered. The trial court was not informed why manifest injustice would result if defendant was not permitted to withdraw his plea.

Finally, if the allegation in the presentence report is inconsistent with investigation of the case by the defense, a remedy is provided in CrR 7.2(c). The withdrawal of the plea of guilty is not required to correct the error.

There is nothing in the record before us which indicates that the withdrawal of defendant's guilty plea was necessary to correct a "manifest injustice." The trial court's order is vacated and the case remanded for sentencing upon the plea of guilty entered July 11, 1973.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied June 24, 1974.