# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON, )
                                     )       No. 69021-3-I
       Respondent, )
                                       )
          v.                    )       UNPUBLISHED OPINION
                                       )
SALVADOR GUMBA SAN-JOSE, )
a/k/a SALVADORE GUMBA )
SAN JOSE, )
                                       )
       Appellant.          )       FILED: June 24, 2013

PER CURIAM—Salvador San-Jose appeals the sentence imposed following his conviction for third degree assault with sexual motivation. He contends a community custody prohibition against contact with minor children, including his daughter and granddaughter, violates his constitutional rights to parent. The State concedes, and we agree, that the challenged condition was imposed without the required finding of reasonable necessity. State v. Letourneau, 100 Wn. App. 424, 442, 997 P.2d 436 (2000). Accordingly, we accept the State's concession and remand for the court to either enter the requisite finding or modify the condition.

In a pro se statement of additional grounds, San-Jose alleges violations of his Miranda[1] rights, his attorney-client privilege, his right to effective assistance of counsel, and due process. The gist of these complaints is his discontent with his guilty plea,[2] and the trial court's denial of his motion to withdraw it. Prior to sentencing, he moved to withdraw his plea on the grounds that his counsel had failed to fully explain it, coerced him to accept it, and misinformed him about immigration consequences. The trial court denied his motion, finding his testimony was not credible and that his counsel was effective.

Prejudgment withdrawal of a plea is governed by CrR 4.2(f), which allows withdrawal when necessary to correct a manifest injustice. CrR 4.2(f); State v. Pugh, 153 Wn. App. 569, 576, 222 P.3d 821 (2009). This is a "demanding standard." State v. Taylor, 83 Wn.2d 594, 597, 521 P.2d 699 (1974). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. Pugh, 153 Wn. App. at 576. There was no abuse of discretion here.

San-Jose's counsel negotiated an agreement that reduced three counts of third degree rape of a child to a single count of third degree assault with sexual motivation. The court found counsel's testimony regarding counsel's interaction with San-Jose and their discussion of the sentence enhancement and immigration consequences credible. The court also noted that San-Jose's answers to questions at the plea hearing demonstrated that his plea was knowing and voluntary. The record amply supports the court's findings and

---

[1] 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[2] The claims of Miranda rights violations, attorney misconduct, and various due process violations involve factual allegations outside of the record and are properly raised in a personal restraint petition. RAP 16.3; State v. Norman, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

conclusions regarding counsel's effectiveness and the validity of San-Joes's plea. San-Jose did not meet the "demanding standard" of demonstrating a manifest injustice.

Affirmed in part and remanded.

For the court:

Leach, C.J.