# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                                   )     No. 68959-2-I

           Respondent, )

                                   )     DIVISION ONE

           v. )

                                   )     UNPUBLISHED OPINION

JULRAR JACOB GOLEVO, )

            Appellant. )     FILED: July 29, 2013

                                   )

APPELWICK, J. — Withdrawal of a guilty plea on the basis of ineffective assistance of counsel requires a showing of deficient performance and prejudice. Failure to allege or prove prejudice is fatal to a claim of ineffective assistance of counsel. When prejudice is not alleged, it is not error to deny a motion for an evidentiary hearing prior to dismissal. We affirm.

## FACTS

On July 8, 2009, Charles Osborne and Jay Ott stole a car belonging to Julmar Golveo. After returning the car, Osborne and Ott agreed to meet Julmar at a Walmart in South Everett on July 10 to resolve his demands for compensation. At the Walmart, Julmar Golveo, Julrar Golveo, Julvic Golveo, Jacob Vance, and Altan Od Nyam-Ochir attacked Osborne and Ott with bats and sticks. They hit Ott with a bat on the head, back, and arms until he ran away. Vance stomped on Osborne as Osborne lay on the ground and others hit him with a bat and stabbed him with a stick.

Osborne suffered hemorrhaging on his brain, multiple broken bones in his face, severe eye damage, and a compression fracture of his spine. Osborne was in a coma for several days, remained hospitalized for over a month, and was blind in one eye as a result of the incident. Ott received stitches for a head wound.

Several witnesses, including Ott, identified Julrar Golveo to police as one of the men who attacked Osborne and Ott. Police arrested Vance on July 22. Vance admitted to participating in the assault and described Julrar Golveo's participation. According to Vance, Julrar Golveo punched Osborne in the head and later admitted to Vance that he had used brass knuckles on Osborne.

On June 8, 2010, the State charged Julrar Golveo (hereinafter "Golveo") with one count of first degree assault against Osborne. On February 4, 2011, the State amended the information to add a deadly weapon enhancement to the initial charge, as well as a charge of second degree assault while armed with a deadly weapon against Ott.

On March 16, 2011, Golveo entered a guilty plea to an amended information charging attempted first degree assault against Osborne.

In June 2011, prior to sentencing, Golveo, represented by new counsel, filed a motion to withdraw his plea, claiming he received ineffective assistance of counsel, because his attorney was inexperienced and failed to conduct an independent investigation of the State's case. The State responded with a

2

declaration of Golveo's prior counsel. Golveo served prior counsel with interrogatories and a subpoena.

At a hearing on his motion to withdraw his plea, Golveo requested an evidentiary hearing to explore counsel's level of experience and competence, in light of counsel's failure to respond to the interrogatories and opposition to the subpoena. Finding that (1) there was no dispute as to the extent of counsel's investigation before the plea hearing; and (2) Golveo had not alleged that counsel provided misinformation prior to the entry of the plea, the trial court denied his request for an evidentiary hearing. Following argument, the trial court denied the motion to withdraw the plea. Given Golveo's failure to make any showing of prejudice, the trial court rejected his claim of ineffective assistance of counsel.

Golveo appeals.

## DECISION

Under CrR 4.2(f), a defendant must be allowed to withdraw a guilty plea "whenever it appears that the withdrawal is necessary to correct a manifest injustice." The defendant bears the burden of proving a manifest injustice. State v. Ross, 129 Wn.2d. 279, 283-84, 916 P.2d 405 (1996). A "manifest injustice" is one that is "obvious, directly observable, overt, not obscure." State v. Taylor, 83 Wn.2d 594, 596, 521 P.2d 699 (1974). We review a superior court's denial of a motion to withdraw a guilty plea for an abuse of discretion. State v. S.M., 100 Wn. App. 401, 409, 996 P.2d 1111 (2000).

Denial of effective counsel is one way to establish a manifest injustice. State v. Wakefield, 130 Wn.2d 464, 472, 925 P.2d 183 (1996). To establish ineffective assistance of counsel, a defendant must prove that the attorney's performance fell below an objective standard of reasonableness and that the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We strongly presume effective representation. State v. McFarland, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995).

When a defendant challenges his or her guilty plea on the basis of ineffective assistance of counsel, he or she must show with reasonable probability that, but for counsel's deficient performance, he or she would not have pleaded guilty and would have proceeded to trial. State v. Garcia, 57 Wn. App. 927, 933, 791 P.2d 244 (1990). "Generally, this is shown by demonstrating to the court some legal or factual matter which was not discovered by counsel or conveyed to the defendant himself before entry of the plea of guilty." Id.

Golveo contends that the trial court denied his right to due process by refusing to hold an evidentiary hearing to allow him to inquire into counsel's specific investigation of this case and general level of experience in representing criminal defendants. But, Golveo failed to allege any prejudice resulting from counsel's alleged failure to investigate and lack of experience. Courts are not required to address both components of a claim of ineffective assistance of counsel if the defendant makes an insufficient showing on one. Strickland, 466 U.S. at 697. Because Golveo did not identify any prejudice resulting from

counsel's alleged deficiencies, the trial court did not abuse its discretion by refusing to hold an evidentiary hearing to address the extent of the alleged deficiencies. See Garcia, 57 Wn. App. at 935 (where existing record is adequate to dispose of claim of ineffective assistance of counsel, evidentiary hearing is unnecessary).

Relying on State v. A.N.J., 168 Wn.2d 91, 225 P.3d 956 (2010), Golveo nonetheless claims that he is entitled to a presumption of prejudice. He is incorrect. In A.N.J., defense counsel representing a 12 year old defendant on a charge of first degree child molestation made no discovery requests, did not speak to the investigating officer, and failed to speak to witnesses who may have been able to testify that the 5 year old victim had been abused by others. Id. at 100-01. But, the court specifically held that counsel's performance was deficient and A.N.J. was prejudiced based on the fact that counsel misinformed A.N.J. of the consequences of his plea. Id. at 119.

Here, it is undisputed that defense counsel reviewed over 800 pages of discovery, including transcripts of detailed witness interviews, met with Golveo several times to discuss the case and review the discovery, reviewed the State's plea offer with Golveo, and recommended continuing the case until he had completed his scheduled witness interviews. Golveo did not allege that counsel misinformed him of, or failed to discover, any legal or factual matter material to the case prior to the entry of the plea. Under these circumstances, the trial court correctly determined that Golveo failed to establish ineffective assistance of

counsel.  A.N.J. does not require a different result.  A manifest injustice was not shown.  Denial of the motion to withdraw the plea was appropriate.

Affirmed.

*Appelwick, J*

WE CONCUR: