IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32533-4-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 32538-5-III) |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JUSTIN EDWARD MUELLER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Justin Edward Mueller appeals the trial court's denial of his motion to withdraw his guilty plea. He alleges the plea was involuntary because the trial court did not advise him that in pleading guilty he was forfeiting his constitutional rights to a jury trial, to confront one's accusers, and privilege against self-incrimination. Mr. Mueller also challenges the trial court's refusal to grant a drug offender sentencing alternative (DOSA), RCW 9.94A.660, contending the court failed to exercise any meaningful discretion. Because the trial court did not abuse its discretion in denying either request, we affirm.

No. 32533-4-III; 32538-5-III
*State v. Mueller*

Justin Mueller entered guilty pleas to residential burglary and possession of stolen

property in the second degree on March 12, 2014. The court engaged in the following

colloquy with Mr. Mueller during the plea hearing:

> THE COURT: Did you hear or understand the rights I read this morning?
>
> MR. MUELLER: I did Your Honor.
>
> THE COURT: You've had a chance to review each of these statements, you reviewed with your attorney; is that correct?
>
> MR. MUELLER: Yes.
>
> MS. WHITMIRE: With respect to the cause number ending 150-2, The State is amending the Information from identity theft in the first degree to possession of . . . stolen in the second degree. The defendant is pleading guilty as charged on the other cause number. On 0-43-3, do you understand by signing this statement you are voluntarily pleading guilty to the charge of residential burglary.
>
> MR. MUELLER: Yes.
>
> THE COURT: You understand that carries a standard range of 63 to 84 months with a maximum term and fine of 10 years and $20,000?
>
> MR. MUELLER: Yes.
>
> THE COURT: And your statement is, "On the date charged, in Benton County, Washington, I entered a residence at 90 Casey in Richland. I did not have permission to be in the residence and I intended to commit a theft in the residence." Is that correct?
>
> MR. MUELLER: Yes, Your Honor.
>
> THE COURT: I will accept the plea and I will sign the order for a PSI?
>
> MS. CORNISH: . . . Okay. With regard, to 150-2, do you understand you are voluntarily pleading guilty to the charge of possession of stolen property 2nd degree?
>
> MR. MUELLER: Yes.
>
> THE COURT: And you understand that carries a standard range of 22 to 29 months and a maximum term and fin[e] of 5 years and $10,000?
>
> MR. MUELLER: Yes, your honor.

2

THE COURT: And your statement is, "On the date charged, in Benton County, Washington, I possessed an access device, credit card, knowing it to be stolen." Is that correct?
MR. MUELLER: Yes, Your Honor.

Report of Proceedings (Mar. 12, 2014) at 6-7.

On April 9, 2014, Mr. Mueller filed motions to withdraw both guilty pleas, alleging that defense counsel spent insufficient time sharing discovery and explaining options. He claimed that due to defense counsel's "inactions," he "had no choice but to plead guilty." Clerk's Papers (CP) at 21. At the hearing, Mr. Mueller's defense attorney testified that she met with him multiple times and fully discussed his two charges. When Mr. Mueller testified, he did not dispute his attorney's testimony, but focused his complaint on the fact that he did not receive the victim impact statement until after he entered his guilty plea. He told the court that if he had received the victim impact statement before entering his guilty plea, he would not have pleaded guilty.

The trial court denied Mr. Mueller's motion to withdraw his guilty pleas, concluding the pleas were made knowingly, intelligently, and voluntarily. The court then ordered a presentence DOSA screening.

At sentencing, Mr. Muller asked for a DOSA. The trial court denied the request and sentenced Mr. Mueller to 60 months for the residential burglary conviction and 22 months concurrent for the possession of stolen property conviction.

3

ANALYSIS

*Withdrawal of Guilty Plea*

Federal and state due process require that a defendant's guilty plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State v. Mendoza*, 157 Wn.2d 582, 587, 141 P.3d 49 (2006). *Boykin* requires that the trial record "show that in pleading guilty, the defendant understood he was giving up three important constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." *State v. Elmore*, 139 Wn.2d 250, 269, 985 P.2d 289 (1999) (citing *Boykin*, 395 U.S. at 243). "Whether a plea is knowingly, intelligently, and voluntarily made is determined from a totality of the circumstances." *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). CrR 4.2(d) mandates that the trial court not accept a guilty plea without first determining that a criminal defendant has entered into the plea voluntarily, competently, and with an understanding of the nature of the charge and the consequences of the plea.

CrR 4.2(f) provides that the court shall allow a defendant to withdraw a guilty plea as necessary to correct a manifest injustice. A manifest injustice is one that is "obvious, directly observable, overt, not obscure." *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974). This is a demanding standard, justified by the safeguards protecting the

defendant at the time the plea is entered. *Branch*, 129 Wn.2d at 641. The defendant

bears the burden of demonstrating a manifest injustice. *State v. Osborne*, 102 Wn.2d 87,

97, 684 P.2d 683 (1984).

Mr. Mueller contends that the trial court erred by denying his motion to withdraw

his guilty plea because he did not enter into the agreement voluntarily or knowingly.

Specifically, he argues his guilty pleas are invalid because the trial court failed to

specifically enumerate his *Boykin* rights and find a waiver thereof. Mr. Mueller is wrong.

Our Supreme Court has held:

> [T]here is no constitutional requirement that there be express articulation
> and waiver of the three rights referred to in *Boykin* by the defendant at the
> time of acceptance of his guilty plea if it appears from the record . . . that
> the accused's plea was intelligently and voluntarily made, with knowledge
> of its consequences.

*Wood v. Morris*, 87 Wn.2d 501, 506, 554 P.2d 1032 (1976).

Here, the record shows that Mr. Mueller understood the constitutional rights he

waived by his guilty plea. Both plea forms enumerate all of the constitutional rights he

waived. Mr. Mueller stated twice that he reviewed the statements on the plea of guilty

with his lawyer. And immediately above Mr. Mueller's signature is the statement: "My

lawyer has explained to me, and we have fully discussed, all of the above paragraphs. . . .

I understand them all." CP at 15. Mr. Muller's signature on the statements is "strong

5

evidence" that the plea was voluntary. *Branch*, 129 Wn.2d at 642. "When a defendant completes a plea statement and admits to reading, understanding, and signing it, this creates a strong presumption that the plea is voluntary." *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998).

In view of this record, Mr. Mueller fails to demonstrate that withdrawing his pleas is necessary to correct a manifest injustice. The trial court did not abuse its discretion by denying Mr. Mueller's motion to withdraw his guilty plea.

*Sentencing: DOSA*

Mr. Mueller next contends that the sentencing court abused its discretion in refusing to consider his eligibility for a prison-based DOSA by categorically refusing to consider this sentencing alternative. This argument also fails.

Generally, a sentencing court's decision to deny a DOSA sentence is not reviewable. *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). However, an offender may always challenge the procedure by which a sentence is imposed. *Grayson*, 154 Wn.2d at 338. When a trial court categorically refuses to consider a DOSA, the court fails to exercise discretion and is subject to reversal. *Grayson*, 154 Wn.2d at 343. Such is not the case here.

The trial court ordered the Department of Corrections to complete a DOSA screening, which included a risk assessment and presentence investigation. At sentencing, the court listened to the arguments of the State and the defense and stated on the record that it had reviewed the risk assessment, which had deemed Mr. Mueller "a marginal candidate for a Prison-based DOSA." CP at 31. The risk assessment also noted that Mr. Mueller had a "lengthy adult criminal record" and frequently violated the conditions of his community custody. CP at 28. Under the category of "Issues and Community Concerns," the risk assessment noted: "Within a three month period in 2011, [Mr. Mueller] committed five felonies. He is now before the court on two additional felonies; both of which he minimizes his criminal behavior in." CP at 31. Although the court did not state its reasons for denying Mr. Muller's request for a DOSA, this record refutes Mr. Mueller's claim that that the court categorically refused to consider his DOSA request. Because the court did not refuse to consider him for a prison-based DOSA, it did not abuse its discretion.

No. 32533-4-III; 32538-5-III
*State v. Mueller*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Siddoway, C.J.

Korsmo, J.