## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>ALICIA OLIVARES CASTANEDA, aka ALICIA OLIVARES-VAZQUEZ,<br><br><div align=center>Petitioner.</div> | No. 46842-5-II<br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Alicia Olivares Castaneda seeks relief from personal restraint imposed following her guilty plea conviction of second degree theft by welfare fraud.[1]  Castaneda asserts that her restraint is unlawful because she received ineffective assistance of counsel during the plea process.  Specifically, Castaneda asserts that her defense counsel was ineffective during the plea process because counsel failed to adequately advise her of the immigration consequences of pleading guilty to second degree theft by welfare fraud.  The State concedes that Castaneda received constitutionally ineffective assistance of counsel.  We accept the State's concession, grant Castaneda's petition, and vacate her second degree theft by welfare fraud conviction.

<div align=center>FACTS</div>

On July 25, 2013, Castaneda pleaded guilty to a reduced charge of second degree theft by welfare fraud.  On July 24, 2014, Castaneda filed a CrR 7.8 motion to vacate the judgment and sentence, arguing that her defense counsel rendered ineffective assistance by failing to advise her

---

[1] On November 19, 2015, we granted the parties' joint motion to stay this matter to allow Castaneda to file a motion to withdraw her guilty plea at the superior court.  We hereby lift the stay.

of the deportation consequences of a guilty plea. The superior court concluded that Castaneda had not made a substantial showing that she was entitled to relief due to ineffective assistance of counsel and that resolution of the CrR 7.8 motion did not require a factual hearing. In accordance with CrR 7.8(b)(2), the trial court transferred Castaneda's motion for relief from judgment to this court for consideration as a personal restraint petition (PRP). After this matter was transferred to us, the parties filed a joint motion to grant Castaneda's PRP. In the motion, the State concedes that Castaneda received ineffective assistance of counsel.

ANALYSIS

To prevail on a collateral attack on a judgment and sentence by way of a PRP, a petitioner must generally first establish that a constitutional error has occurred and it has resulted in actual and substantial prejudice or that a nonconstitutional error has caused a complete miscarriage of justice. *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 212, 227 P.3d 285 (2010). However, "if a personal restraint petitioner makes a successful ineffective assistance of counsel claim, he has necessarily met his burden to show actual and substantial prejudice." *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012). To establish ineffective assistance of counsel, Castaneda must show that counsel's performance fell below an objective standard of reasonableness and that counsel's deficiency prejudiced her. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 35, 296 P.3d 872 (2013); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The Sixth Amendment right to effective assistance of counsel encompasses the plea process. *State v. Sandoval*, 171 Wn.2d 163, 169, 249 P.3d 1015 (2011). Faulty advice of counsel may render the defendant's guilty plea involuntary or unintelligent. 171 Wn.2d at 169.

Ineffective assistance of counsel constitutes a manifest injustice sufficient to allow a defendant to withdraw her guilty plea. *State v. Taylor*, 83 Wn.2d 594, 597, 521 P.2d 699 (1974).

In *Padilla v. Kentucky*, the United States Supreme Court established that because of deportation's "close connection" to the criminal process, advice about deportation consequences falls within "the ambit of the Sixth Amendment right to counsel." 559 U.S. 356, 366, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). Prior to *Padilla*, deportation was considered to be a collateral consequence under Washington law and anything short of an affirmative misrepresentation by counsel of the plea's deportation consequences could not support a plea withdrawal. *Sandoval*, 171 Wn.2d at 170. In *Sandoval*, our Supreme Court concluded counsel performed deficiently by incorrectly minimizing the risks of deportation and not informing the defendant that third degree rape equated to an "'aggravated felony'" under federal immigration law that certainly subjected him to deportation. 171 Wn.2d at 174 (quoting 8 U.S.C. § 1227(a)(2)(A)(iii)).

Under *Padilla* and *Sandoval*, reasonable professional norms require defense counsel to investigate the immigration statutes and relevant case law. *Padilla*, 559 U.S. at 366; *Sandoval*, 171 Wn.2d at 170-71. Here, Castaneda argues that her counsel failed to inform her that second degree theft by welfare fraud is a deportable offense for which discretionary relief is unavailable, and as a result his performance was constitutionally deficient. *See* 8 U.S.C. § 1229(b); *see also* 8 U.S.C. § 1227(a)(2). The State concedes that Castaneda received constitutionally inadequate assistance of counsel. We accept the State's concession, grant Castaneda's petition, and vacate her conviction for second degree theft by welfare fraud.

No. 46842-5-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, J.

_____
Maxa, A.C.J.

4