IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49113-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JAYLIN J. IRISH, | |
| Appellant. | |

BJORGEN, C.J. — Jaylin Irish appeals from the denial of his CrR 4.2(f) motion to withdraw his guilty plea to first degree assault and first degree rendering criminal assistance. He contends that the trial court erred in denying his motion because his defense counsel had coerced him to plead guilty and, thus, his plea was not knowing, intelligent, and voluntary. We affirm.

FACTS

On August 1, 2012, the State charged Irish with three counts of first degree assault with firearm enhancements and one count of drive-by shooting. On September 10, 2013, the morning before trial was set to begin, the State and defense counsel told the trial court that the parties were close to reaching a plea agreement but would need some time over the lunch hour to work out the language in the defendant's guilty plea statement. That afternoon, counsel told the trial court that Irish had agreed to plead guilty to an amended information charging him with one count of first degree assault and one count of first degree rendering criminal assistance.

Irish's signed statement on plea of guilty stated that he was pleading guilty to the amended charges "freely and voluntarily," absent any threats, and absent any promises except

those set forth in his statement on plea of guilty. Clerk's Papers (CP) at 13-14. Irish's statement

on plea of guilty further set out:

> The judge has asked me to state what I did in my own words that makes me guilty of this crime. This is my statement. On March 24, 2012, in the City of Tacoma, I drove my car, a white Honda Accord with license place 368XKL to the area of South 45th Street bordered by South Lawrence Street and South Alder Street. I went there because I heard there was going to be a fight in that location. When I arrived I saw several people fighting. I then saw one person pull out a gun and fire one shot towards some of the people he had been fighting with. The shooter got into my car and I drove him north on South Alder Street to get him away from the scene so he could avoid apprehension by law enforcement. As we reached the intersection of South Alder Street and South 43rd Street, the shooter told me to stop and let him out of the car so that he could fire another round at the people he had previously shot at. I agreed and let him out. When I drove off I heard a gunshot.

CP at 14. Defense counsel stated to the trial court:

> I've gone over the amended—Second Amended Information with Mr. Irish. He understands the charges and we waive formal reading. And it's my understanding that he anticipates entering a plea of guilty to the Second Amended Information.
> . . . .
> [W]e've been working on it since we came to court here this morning. Mr. Irish and I and his mother, in fact, have had an opportunity to go over the [statement on plea of guilty] document and the changes to the document, and the final version is what you have before you.
> I've discussed this document with Mr. Irish on—for quite a period of time this morning. He's read it and read it and read it, and he indicates to me that he understands the document, the rights he's giving up, the consequences of entering into a plea agreement, the fact that he will be found guilty if the Court accepts the plea of the charges identified in the Second Amended Information. And due to the protracted discussions and negotiations, I have—I'm confident that he's entering this plea knowingly and voluntarily.

Report of Proceedings (RP) (Sept. 10, 2013) at 70-71.

The trial court questioned Irish about his decision to plead guilty. Irish confirmed with

the trial court that: (1) he had reviewed his statement with defense counsel, (2) defense counsel

answered all of his questions about the statement, (3) he understood the amended charges against

him, (4) he understood the elements of those charges, (5) he understood that, by pleading guilty,

he was waiving important rights including the right to a jury trial, (6) he understood the standard range sentences for his offenses, (7) he understood certain collateral consequences that would flow from his guilty plea, and (8) he understood that the trial court did not have to follow the attorneys' recommended sentence. Irish further stated to the trial court that no one had threatened him or made promises apart from those in the plea agreement to persuade him to plead guilty. The trial court also confirmed with Irish that the statement about what he had done to make him guilty of the offenses was his own. Following this inquiry, the trial court accepted Irish's guilty plea, finding that it was made knowingly, intelligently, and voluntarily.

At the start of Irish's October 18, 2013 sentencing hearing, defense counsel stated that Irish had told him that he wanted to withdraw his guilty plea shortly after it was entered because he had felt pressured to plead guilty. Defense counsel requested that the trial court appoint Irish new counsel because he was now a witness to Irish's allegation of undue pressure to plead guilty and, thus, he had a conflict of interest preventing him from further representing Irish in this matter. The trial court denied defense counsel's request to withdraw as counsel and imposed a standard range sentence.

In our unpublished opinion following Irish's first appeal, we held that the trial court violated Irish's right to counsel by denying defense counsel's request to withdraw and appoint new counsel. *State v. Irish*, No. 45509-9, slip op at 186 Wn. App. 1040 (Wash. Ct. App. Mar. 31, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/455099.pdf, *review denied*, 183 Wn.2d 1023 (2015). We thus vacated Irish's sentence and remanded to allow Irish to move to withdraw his plea with newly appointed defense counsel. *Irish*, slip op at 1040.

With the assistance of newly appointed counsel, Irish filed a CrR 4.2(f) motion to withdraw his plea, alleging in relevant part:

> The Defendant's guilty pleas were involuntary, and were not made knowingly and intelligently, due to . . . the extreme duress that the Defendant was under at the time of his pleas, due to the coercive nature of his discussions and interactions with his counsel on the day of his trial and his guilty pleas[] herein.[1]

CP at 77. The trial court held a hearing to address the withdrawal motion on April 28, 2016. At the hearing, Irish's mother, Rebecca Green, testified that she had met with her son in the jury room for approximately an hour on September 10, 2013 and discussed the State's plea offer. Green stated that Irish had expressed his decision to reject the offer and proceed to trial. Because Irish had been so adamant about going to trial, Green did not understand why he pleaded guilty after the proceedings recommenced that day. Green stated her belief that Irish was pressured to accept the plea to "get the court case over with." RP (Apr. 28, 2016) at 123.

Irish testified that, prior to accepting the State's plea offer, he felt his defense counsel was unprepared to go to trial. Irish stated that he had told defense counsel about his decision to reject the State's plea offer in the jury room after discussing the matter with his mother. Irish said that defense counsel then met with him in the jail and had told him that he would be facing 40 to 50 years in prison if convicted of the charges at trial. Irish testified that defense counsel said, "I think you should sign it. Basically, you're looking at a bunch of time, and if you really don't sign the guilty plea, I don't believe we can beat this in trial, really." RP (Apr. 28, 2016) at 139-40.

---

[1] Irish's CrR 4.2(f) motion also alleged that defense counsel had been ineffective for failing "to properly investigate the case, interview witnesses, and consult with the Defendant as to these matters." Irish does not assert these claims on appeal and, thus, we do not address them. CP at 77.

When asked why he signed the plea documents, Irish stated, "Because I felt like I didn't have no alternative. . . . Like, basically, I felt scared and pressured. Like, I felt like that was the only way out is just sign the deal because I was scared of the time." RP (Apr. 28, 2016) at 140. Irish further stated that he had been truthful in all his responses to the trial court at his September 10 plea hearing, apart from affirming his statement as to what made him guilty of the charges. Irish said that he lied about the statement regarding what had made him guilty of the charges "because I felt like that was the only thing I could do because my lawyer told me to sign the deal." RP (Apr. 28, 2016) at 158.

Defense counsel testified that he went over the plea agreement with Irish, discussed accomplice liability as it applied to the evidence in the case, firearm enhancements, and the potential sentence that Irish faced if convicted at trial. Defense counsel stated that he answered any questions Irish had about the agreement. Defense counsel testified that he had been prepared to go to trial, did not coerce or force Irish to accept the plea offer, and believed Irish decided to plead guilty of his own free will.

The trial court denied Irish's motion to withdraw his plea and imposed the same sentence it had previously entered, apart from declining to impose discretionary legal financial obligations due to Irish's unlikely ability to pay those obligations. The trial court later entered findings of fact and conclusions of law, the following of which are challenged in this appeal:

> 5. The defendant ultimately decided of his own accord to accept the State's plea offer. [Defense counsel] met his obligation to actually and substantially assist the defendant in deciding whether to plead guilty. [Defense counsel] thoroughly and sufficiently reviewed with the defendant the statement of defendant on plea of guilty that was later accepted that day by the court.

6. On the afternoon of September 10, 2013, the court engaged the defendant in a change of plea hearing. The court was satisfied that the defendant was making a knowing, voluntary, and intelligent decision to plead guilty to assault in the first degree and rendering criminal assistance in the first degree. Accordingly, the court accepted the defendant's guilty plea.

. . . .

### CONCLUSIONS OF LAW

1. The defendant has not carried his burden to establish a manifest injustice that would warrant the withdrawal of his guilty plea. That defendant entered that plea knowingly, voluntarily, and intelligently. He made the decision to plead guilty and forgo his trial after full consultation with his attorney. That attorney more than adequately assisted the defendant in the decision of whether to plead guilty.

CP at 104-05. Irish appeals.

### ANALYSIS

Irish contends that the trial court erred in denying his CrR 4.2(f) motion to withdraw his guilty plea because his defense counsel coerced him to enter the plea, rendering it involuntary. We disagree.

### I. STANDARD OF REVIEW

We review a trial court's decision on a motion to withdraw a guilty plea for abuse of discretion. *State v. Marshall*, 144 Wn.2d 266, 280, 27 P.3d 192 (2001), *abrogated on other grounds*, *State v. Sisouvanh*, 175 Wn.2d 607, 290 P.3d 942 (2012). "A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons." *State v. Hudson*, 150 Wn. App. 646, 652, 208 P.3d 1236 (2009).

CrR 4.2(f) governs plea withdrawal motions made before entry of judgment and provides in relevant part, "[t]he court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." A manifest

injustice is "'obvious, directly observable, overt, [and] not obscure.'" *State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984) (quoting *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974)). A defendant can prove a manifest injustice by showing that the plea was not voluntary. *Taylor*, 83 Wn.2d at 597; *State v. Paul*, 103 Wn. App. 487, 494, 12 P.3d 1036 (2000).

> "A written statement on plea of guilty in compliance with CrR 4.2(g) provides prima facie verification of its constitutionality, and when the written plea is supported by a court's oral inquiry on the record, the presumption of voluntariness is well nigh irrefutable."

*State v. Davis*, 125 Wn. App. 59, 68, 104 P.3d 11 (2004) (quoting *State v. Perez*, 33 Wn. App. 258, 261-62, 654 P.2d 708 (1982)). When reviewing a trial court's decision on a motion to withdraw a guilty plea, we defer to the trier of fact on issues of credibility. *State v. Zhao*, 157 Wn.2d 188, 202, 137 P.3d 835 (2006).

## II. CHALLENGED FINDINGS OF FACT

Irish assigns error to the trial court's findings of fact 5 and 6, asserting that the record lacks substantial evidence in support of the findings. We disagree.

We review challenged findings of fact to determine whether the findings are supported by substantial evidence. *State v. Levy*, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth. *Levy*, 156 Wn.2d at 733. Unchallenged findings of fact are verities on appeal. *State v. Bonds*, 174 Wn. App. 553, 562, 299 P.3d 663 (2013). The party challenging the findings bears the burden to show that substantial evidence does not support the superior court's findings. *State v. A.N.J.*, 168 Wn.2d 91, 107, 225 P.3d 956 (2010).

Irish first challenges finding of fact 5, which states:

The defendant ultimately decided of his own accord to accept the State's plea offer. [Defense counsel] met his obligation to actually and substantially assist the defendant in deciding whether to plead guilty. [Defense counsel] thoroughly and sufficiently reviewed with the defendant the statement of defendant on plea of guilty that was later accepted that day by the court.

CP at 104.

Substantial evidence supports this finding. Defense counsel testified at the plea withdrawal hearing that he reviewed the plea documents with Irish and answered any questions Irish had about the documents. Transcripts from Irish's September 10, 2013 plea hearing[2] show that he answered affirmatively when asked by the trial court whether his attorney had reviewed the plea documents with him and whether his attorney answered any questions he had about the documents. The transcripts also show that Irish answered no when asked whether anyone had threatened or made promises outside the plea documents to persuade him to plead guilty. Irish testified at the plea withdrawal hearing that he had been truthful in these responses. Irish further testified at the plea withdrawal hearing that he had understood that the decision to plead guilty was his own. This was sufficient evidence supporting the trial court's finding of fact 5.

Next, Irish challenges finding of fact 6, which states:

On the afternoon of September 10, 2013, the court engaged the defendant in a change of plea hearing. The court was satisfied that the defendant was making a knowing, voluntary, and intelligent decision to plead guilty to assault in the first degree and rendering criminal assistance in the first degree. Accordingly, the court accepted the defendant's guilty plea.

---

[2] The transcripts from Irish's September 10, 2013 plea hearing were admitted as evidence at his 2016 plea withdrawal hearing.

CP at 104-05. Substantial evidence clearly supports this finding as the transcript from Irish's September 10, 2013 plea hearing shows that the trial court questioned Irish about his decision to plead guilty before accepting his guilty plea as knowingly, voluntarily, and intelligently made.

### III. VOLUNTARINESS/COERCION

We now turn to whether the trial court's findings support its legal conclusions that Irish failed to meet his burden of showing a manifest injustice and that his plea was made knowingly, intelligently, and voluntarily after full consultation and adequate assistance from his defense counsel.

Irish contends that the trial court erred in concluding that his plea was voluntary, because he was coerced to plead guilty based on his perception that his defense counsel was unprepared for trial, his defense counsel's stated assessment that he would not likely succeed at trial, and the potential sentencing consequences that would result if he did not succeed at trial. We disagree.

"[C]oercion may render a guilty plea involuntary, irrespective of the State's involvement." *State v. Frederick*, 100 Wn.2d 550, 556, 674 P.2d 136 (1983), *overruled on other grounds by Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 794-98, 982 P.2d 601 (1999). However, if a defendant denies improper influence at a plea colloquy and later seeks to retract his admission of voluntariness, he bears "a heavy burden in trying to convince a court . . . that his admission in open court was coerced." *Frederick*, 100 Wn.2d at 558. "The task will be especially difficult where there are other apparent reasons for pleading guilty, such as a generous plea bargain or virtually incontestable evidence of guilt." *Frederick*, 100 Wn.2d at 558.

Here, both at the plea colloquy and at the withdrawal hearing, Irish denied that defense counsel made threats or promises outside the scope of the plea agreement to induce him to plead

9

guilty. Instead, he asserted for the first time at the withdrawal hearing that he agreed to plead guilty because he felt unduly pressured by the amount of time he would face if convicted at trial and because he felt that his defense counsel was unprepared and would not do his best to represent him. Although the amount of incarceration time that Irish faced if convicted on the State's original charges may have made for a stressful and difficult choice between asserting his jury trial right or accepting the offer of reduced charges and a lesser sentence, it does not support a claim of coercion. As stated in *State v. Osborne*, 35 Wn. App. 751, 754-55, 669 P.2d 905 (1983), *aff'd*, 102 Wn.2d 87 (1984).

> Subjective fear is not coercion externally applied, and does not render a defendant's plea involuntary. *North Carolina v. Alford*,[] 400 U.S. [25,] 30-31, [91 S. Ct. 160, 163-64, 27 L. Ed. 2d 162 (1970)]. If fear of a trial and the resulting stress were sufficient mental coercion to constitute grounds to avoid trial or withdraw a plea, no doubt many defendants could claim their pleas were coerced.

Irish's claim that he felt his defense counsel was unprepared for trial also does not support reversing the trial court's determination that his plea was voluntary. First, Irish did not present any evidence supporting his assertion that defense counsel was unprepared for trial, apart from stating it appeared that defense counsel's focus was on securing a favorable plea deal with the State. There is no indication in the record that Irish raised any issue with his defense counsel's representation prior to entering his guilty plea. Second, contrary to Irish's testimony, defense counsel testified that he was prepared to defend Irish at trial. We do not review a trial court's determination as to the credibility of witnesses. *Zhao*, 157 Wn.2d at 202.

In light of the opposing testimony at the plea withdrawal hearing and the strong presumption that Irish's plea was voluntary as established by his plea statement and subsequent colloquy with the trial court, we hold that the trial court did not abuse its discretion by

No. 49113-3-II

determining that Irish failed to meet his "heavy burden" of demonstrating a manifest injustice permitting a withdrawal of his guilty plea. *Frederick*, 100 Wn.2d at 558; *Osborne*, 35 Wn. App. at 759. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MORGAN, C.J.

We concur:

LEE, J.

SUTTON, J.

11