# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of | ) ) ) ) ) ) ) ) ) ) |

No. 76583-3-I

FRANCISCO ZUNIGA-FLORES,

UNPUBLISHED OPINION

Petitioner.

FILED: March 19, 2018

PER CURIAM—In this personal restraint petition, Francisco Zuniga-Flores collaterally challenges his 2016 convictions imposed upon his guilty plea to multiple drug charges. Zuniga-Flores contends that his defense counsel failed to accurately advise him about the deportation consequences of pleading guilty. We grant Zuniga-Flores's petition and remand to the superior court with instructions that he be allowed to withdraw his plea.

## FACTS

On April 28, 2016, Zuniga-Flores pleaded guilty to reduced charges of two counts of possession of a controlled substance (heroin) and one count of possession with intent to deliver a controlled substance (heroin). In February 2017, Zuniga-Flores filed a CrR 7.8 motion to vacate the judgment and sentence, arguing that his defense counsel rendered ineffective assistance during the plea process by failing to fully and accurately advise him of the deportation consequences of a guilty plea. The superior court concluded that Zuniga-Flores had not made a substantial showing that he was entitled

-1-

to relief and that resolution of the CrR 7.8 motion did not require a factual hearing. The trial court transferred Zuniga-Flores's motion to this court for consideration as a personal restraint petition.[1]

Based on the discrepancies between the petitioner's declaration and the declaration of his trial attorney, we determined that the petition could not be decided solely on the record before us and remanded to superior court for a reference hearing. We directed the superior court to determine (1) whether Zuniga-Flores's trial counsel rendered constitutionally inadequate assistance by failing to adequately advise him with regard to immigration consequences of his plea, and if so, (2) whether Zuniga-Flores suffered prejudice as a result of counsel's conduct. Following the reference hearing, the superior court entered numerous findings of fact, including the following:

> 26. [The defendant's attorney] never told Zuniga that he would definitely be deported. She did not believe he would definitely be deported. [The attorney] had clients whose charges were not immigration-safe, and they were not deported.
>
> . . . .
>
> 29. [The attorney] did not tell Zuniga that deportation was presumptively mandatory or words to that effect.
>
> 30. [The attorney] did not tell Zuniga that the plea would make him ineligible to apply for or receive almost all forms of immigration relief, including Cancellation of Removal. [The attorney] did not know what Cancellation of Removal was.
>
> 31. The immigration consequences of the pleas are clear. They include the following, non-exhaustive list:
>
> > a. Zuniga became removable from the United States for an aggravated felony, meaning he would lose his [Lawful Permanent Resident] status.

---

[1] See CrR 7.8(b)(2).

b. Zuniga's removal was virtually certain.

c. Zuniga lost the ability to receive all but the most challenging form of immigration relief, which is reprieve from removal under the Convention Against Torture.

d. In particular, Zuniga lost the ability to apply for or receive Cancellation of Removal, which is immigration relief for [Lawful Permanent Residents] who have been in the United States for many years, whose family members are United States citizens, and who have no convictions for aggravated felonies under immigration law.

e. After removal, Zuniga would be permanently barred from returning to the United States.

32. [The attorney's] advice was not clear. [The attorney] told Zuniga only that he would likely be deported, not that it was virtually certain that he would be deported.

33. [The attorney] failed to adequately learn of or advise Zuniga of the immigration consequences of the plea, and therefore, [the attorney's] performance was constitutionally deficient.

34. If [the attorney] had properly advised Zuniga, there is a reasonable probability that Zuniga would not have pled guilty and would instead have proceeded to trial.

35. Because [the attorney's] advice was inadequate, Zuniga was prejudiced.[2]

## ANALYSIS

To obtain relief by means of a personal restraint petition, a petitioner must generally establish that (1) a constitutional error has occurred and it has resulted in actual and substantial prejudice or that (2) a nonconstitutional error has caused a complete miscarriage of justice.[3] However, "if a personal restraint petitioner makes a

---

[2] Reference Hearing Findings of Fact at 6-7.

[3] In re Pers. Restraint of Grantham, 168 Wn.2d 204, 212, 227 P.3d 285 (2010) (quoting In re Pers. Restraint of Isadore, 151 Wn.2d 294, 298-99, 88 P.3d 290 (2004)).

successful ineffective assistance of counsel claim, he has necessarily met his burden to show actual and substantial prejudice."[4] To establish ineffective assistance of counsel, Zuniga-Flores must show that counsel's performance fell below an objective standard of reasonableness and that counsel's deficiency prejudiced him.[5]

"The Sixth Amendment right to effective assistance of counsel encompasses the plea process."[6] Inaccurate advice of counsel may render the defendant's guilty plea involuntary or unintelligent.[7] Ineffective assistance of counsel constitutes a manifest injustice sufficient to allow a defendant to withdraw his guilty plea.[8]

In Padilla v. Kentucky, the United States Supreme Court established that because of deportation's "close connection" to the criminal process, advice about deportation consequences falls within "the ambit of the Sixth Amendment right to counsel."[9] Prior to Padilla, deportation was considered to be a collateral consequence under Washington law and anything short of an affirmative misrepresentation by counsel of the plea's deportation consequences could not support a plea withdrawal.[10] In State v. Sandoval, our Supreme Court concluded counsel performed deficiently by incorrectly minimizing the risks of deportation and failing to inform the defendant that third degree rape constituted an aggravated felony under federal immigration law that

---

[4] In re Pers. Restraint of Crace, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

[5] In re Pers. Restraint of Yates, 177 Wn.2d 1, 35, 296 P.3d 872 (2013); Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[6] State v. Sandoval, 171 Wn.2d 163, 169, 249 P.3d 1015 (2011).

[7] Id.

[8] State v. Taylor, 83 Wn.2d 594, 597, 521 P.2d 699 (1974).

[9] 559 U.S. 356, 366, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)

[10] Sandoval, 171 Wn.2d at 170.

certainly subjected him to deportation.[11] Under Padilla and Sandoval, reasonable professional norms require defense counsel to investigate the immigration statutes and relevant case law.[12]

"Any alien who is convicted of an aggravated felony at any time after admission is deportable."[13] Illicit trafficking in a controlled substance is an "aggravated felony."[14] Thus, the offense of possessing a controlled substance with intent to deliver is an aggravated felony that, if committed by an alien, is a deportable offense. The law is clear. After an evidentiary hearing, the trial court found that defense counsel failed to warn Zuniga-Flores that his eligibility for deportation was certain and that her performance was constitutionally deficient. The record supports these findings.

The trial court further determined that if he had been properly advised, there is a reasonable probability that Zuniga-Flores would not have pleaded guilty. The record also supports this finding. As the trial court observed, Zuniga-Flores has lived in the United States since he was two years old and is a lawful permanent resident. He was 27 years old when the State filed the charges and had visited Mexico, the country of his birth, only once when he was a teenager. Zuniga-Flores's wife, three children, and stepfather are United States citizens and his mother and brother are lawful permanent residents. Thus, while Zuniga-Flores would have faced a longer sentence had he lost at trial and potentially faced additional charges, deportation is a particularly severe penalty under these circumstances. Consequently, it would have been rational for Zuniga-Flora

---

[11] 171 Wn.2d 163, 171, 174, 249 P.3d 1015 (2011).

[12] Padilla, 559 U.S. at 366; Sandoval, 171 Wn.2d at 170-71.

[13] 8 U.S.C. § 1227(a)(2)(A)(iii).

[14] 8 U.S.C. § 1101(a)(43)(B).

to take his chances at trial. Zuniga-Flores was prejudiced by defense counsel's failure to advise him of the presumptively mandatory deportation consequences.

Zuniga-Flores has established constitutional error by a preponderance of the evidence and has shown that the error resulted in actual and substantial prejudice. Therefore, we grant his petition and remand to the superior court with instructions that Zuniga-Flores be allowed to withdraw his plea.[15]

FOR THE COURT:

Trickey, J

_____

_____

---

[15] As this court has rendered its decision, the petitioner's motion to expedite is moot.